MOORE et ux. v. BEAKLEY. (No. 102–2938.)

(Commission of Appeals of Texas, Section A. Nov. 19, 1919.)

1. FRAUD ⬤�longdash22(1) — DUTY OF PERSON DEFRAUDED TO MAKE INQUIRY.

Where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based thereon by a plea that the party defrauded might have discovered the truth by the exercise of proper care.

2. FRAUD ⬤⟻22(1) — DUTY OF PERSON DEFRAUDED TO MAKE INQUIRY.

One exchanging land for other land and certain mortgage bonds had a right to rely on representations of the other party to the effect that the bonds were secured by a first mortgage, and that there were no other liens against the mortgaged property, and it was not necessary, to preserve his cause of action for damages, to make any investigation.

3. FRAUD ⬤⟻59(1)—MEASURE OF DAMAGES ON EXCHANGE OF PROPERTY.

The measure of damages for fraud in the exchange of property is the difference between the value of the property received and that given in exchange at the time of the exchange.

4. FRAUD ⬤⟻59(4)—NOMINAL DAMAGES.

If one is induced to make an exchange of property by false representations of the other party, he is entitled to recover at least nominal damages and costs.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by W. C. Moore and wife against S. S. Beakley. There was a judgment for defendant, which was affirmed by the Court of Civil Appeals (183 S. W. 380), and the plaintiffs bring error. Reversed and remanded.

W. W. King, of San Antonio, for plaintiffs in error.

Boyle & Storey and West & McMillan, all of San Antonio, for defendant in error.

STRONG, J. This is an action in damages for false representations made in the exchange of properties. The plaintiffs, W. C. Moore and wife, alleged in their petition that they conveyed certain lots in the city of San Antonio, Tex., to the defendant, Beakley, in exchange for 13 mortgage bonds issued by the Texas Baptist University of the face value of $100 each, and other property not necessary to describe; that defendant represented to plaintiffs that the bonds were secured by a first mortgage on all of the property of the University; that in truth there were prior liens against the property, greatly in excess of its value, and the bonds were wholly worthless; that said false representations were fraudulently made for the purpose of inducing plaintiffs to enter into the contract of exchange, and that they would not have entered into said contract but for said representations. Plaintiffs sought a recovery in damages in the sum of $1,300. Defendant denied the material allegations in the petition. The trial court, after hearing the evidence, instructed the jury to return a verdict for defendant, and the judgment entered thereon was affirmed by the Court of Civil Appeals. 183 S. W. 380.

The facts, briefly stated, show that R. H. Howard was the agent of plaintiffs. In the prosecution of his agency he succeeded in obtaining from defendant an agreement to make an exchange of properties, whereby the defendant was to receive lots Nos. 713 and 717, in block 375, in the city of San Antonio, Tex., and was to give in exchange therefor two lots, of the estimated value of $2,000, 13 bonds issued by the Texas Baptist University of Dallas, Tex., of the par value of $100 each, pay to plaintiffs $1,700 in cash, and execute his five vendor's lien notes in the sum of $1,000 each. The trade was consummated as indicated, the necessary deeds and notes were executed, and the 13 bonds were delivered to

plaintiffs. The bonds purported upon their face to belong to a series of similar bonds numbered from 1 to 400, inclusive, amounting in the aggregate to $40,000, secured by a mortgage or deed of trust on all of the property, real and personal, owned by the Texas Baptist University. On each of the bonds was the following indorsement: "The Texas Baptist University First Mortgage Bond." The defendant represented in the negotiations leading up to the trade that the property of the University was worth $150,000, and that there was no other lien against it, and gave the name of a party with whom plaintiffs could communicate to verify the statement. The plaintiffs had ample time to communicate with the party named before the trade was finally consummated, but made no effort to do so. Moore testified that in making the contract he relied upon the statements and representations made by the defendant concerning the bonds. The trade was closed on September 19, 1910. Plaintiffs discovered in June, 1911, that there were prior unsatisfied liens, to that securing the bonds against the property, greatly in excess of its value, and that the bonds were in fact worthless. The property of the university was later sold to satisfy the prior liens, and nothing remained to pay on the bonds.

The Court of Civil Appeals sustained the action of the trial court in withdrawing the case from the jury, upon two grounds: (1) That the plaintiffs had ample time and opportunity to investigate and learn the truth concerning the bonds before the trade was consummated; (2) that the evidence failed to show that plaintiff suffered any actual damages by reason of the false representations.

[1] It is well settled in this state that where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based thereon by a plea that the party defrauded might have discovered the truth by the exercise of proper care. In the case of Labbe v. Corbett, 69 Tex. 509, 6 S. W. 811, the court lays down the rule in the following quotation from another authority:

"When once it is established that there has been any fraudulent misrepresentations * * * by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by further inquiry. He has a right to retort upon his objector: 'You, at least, who have stated what is untrue * * * for the purpose of drawing me into a contract, cannot accuse me of want of caution, because I relied implicitly upon your fairness and honesty.'"

[2] It is clear, we think, under the authorities, that it was not the duty of plaintiffs to make any investigation as to the truth or falsity of the statements and representations made to them concerning the bonds. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Griffith v. Hanks & Collins, 46 Tex. 217; Hall v. Bank, 36 Tex. Civ. App. 317, 81 S. W. 762.

[3] Nor can we concur in the conclusion of the Court of Civil Appeals that the action of the trial court in withdrawing the case from the jury should be sustained on the ground that the evidence fails to show that plaintiffs suffered any actual damage by reason of the false representations. The measure of damages in a case of this character is the difference between the value of the property received and that given in exchange, at the time of the exchange. Moore testified:

"In the trade I took Dr. Beakley's equity in the $3,500 property, less the $1,500 incumbrance at $2,000. I took the bonds at $1,300. I took the vendor's lien notes at $5,000; my property was taken at $10,000. The difference between the value of the property which I gave and the value of the property which I received is $1,300."

[4] The defendant contends that this testimony should be interpreted as having reference to the value of the property at the time of the trial. Construing the language used as a whole, we think it reasonably clear that the witness had reference to the value of the respective properties at the time of the exchange. But, conceding the construction contended for by defendant to be correct, if defendant made false representations which induced plaintiffs to enter into the contract of exchange, they would, in our opinion, be entitled to recover at least nominal damages and costs. 1 Sedgwick on Damages (9th Ed.) p. 174; 1 Sutherland on Damages, p. 10; 13 Cyc. p. 14; Davis v. Railway, 91 Tex. 505, 44 S. W. 822; Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914; Porter v. Kruegel, 106 Tex. 29, 155 S. W. 174; Duffy v. McKenna, 82 N. J. Law, 62, 81 Atl. 1101; Northrop v. Hill, 57 N. Y. 351, 15 Am. Rep. 501.

We are of opinion, for the reasons stated, that the judgment of the Court of Civil Appeals and that of the trial court should be reversed, and the cause remanded for another trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.