### SCHONROCK v. TAYLOR.

#### No. 9726.

Court of Civil Appeals of Texas. Austin.

June 2, 1948.

Rehearing Denied June 16, 1948.

Clyde Vinson of San Angelo, for appellant.

Cliff Tupper and Scott Snodgrass, both of San Angelo, for appellee.

HUGHES, Justice.

Appellee, B. P. Taylor, sued appellant, E. A. Schonrock, for damages alleged to have been sustained in a real estate transaction between the parties.

Appellant owned 65 feet of improved property fronting on Avenue D in San Angelo, which he desired to sell. An advertisement to this effect was placed in the San Angelo Standard Times and was answered by Scott Snodgrass, a San Angelo attorney, who was acting for appellee and for himself as an undisclosed principal. The negotiations thus begun resulted in a sale of the property to appellee on April 2, 1946, for a cash consideration of $9,500. The deed described the property by lot and block number and admittedly conveyed only 65 front feet on Avenue D, being the property which appellant agreed to sell and appellee agreed to buy.

The improvements on the lots consisted of a one story concrete building located on the east 25 feet and a well built iron shed with a concrete floor, adjacent to and west of the concrete building. This shed is located at the rear or south end of the lots about 58 feet from the property line on Avenue D and is about 45 feet long and 62 feet wide. In other words the shed extends about 12 feet over and on the adjacent property to the west, which property was not owned by appellant, although he had possession of it under lease from the owner.

Appellee's suit was based upon false representation allegedly made by appellant during the pre-purchase negotiations, the material portion of his pleading being:

"During such negotiations and as part of them, the defendant represented that his property fronted on East Avenue D and ran back to an alley with the east line thereof being the east line of a one story concrete block building and with the west line thereof being located a few feet west of the west end of a metal building or shed which joined onto said concrete block building for approximately forty feet from its south end and which extended west from the building for approximately fifty feet. Said shed and building were constructed together to be used jointly and the defendant represented that he owned both of them and the lands on which they were situated, with his west line being some few feet west of the west side of said shed.

"* * * As stated, the defendant represented that he owned the property to a line a few feet west of the west side of said metal building but as a fact this was false and untrue in that the west line of the property owned by the defendant was located at approximately twelve feet east of the west side of said metal building and approximately the west twelve feet of said metal building was located upon property of another upon which the defendant held a lease. The defendant fraudulently concealed the fact that he held such lease and he pointed out the property he was proposing to sell as including that held by him under lease."

Appellant's answer consisted of a general denial and a plea that appellee was not justified in relying upon any representations, if any, made as to the location of the lot lines or improvements since appellee was fully informed as to the width of the property and of the physical facts concerning the location of the improvements.

The jury found that appellant, prior to the sale, represented to Scott Snodgrass that the west line of the property he was offering for sale was located west of the west end of the metal shed so as to include the land upon which the shed was located; that this representation was a material

inducement to appellee to purchase the property and that the property as represented had a value of $9,500, and the value of the property actually conveyed was $9,000. Upon this verdict, judgment was rendered for appellee in the sum of $500.

Appellant, in his brief, has grouped the first eight points for discussion and we will accept his version of the questions raised as indicated by the following excerpt from his brief:

"In view of the undisputed evidence that no certain line was indicated on the ground by anything appellant said or did, and in view of the pleading itself, that the line allegedly pointed out was a few feet west of the west edge of the metal shed, the area between the west line of the property actually owned and conveyed and the west line allegedly pointed out and the proof as to same, was uncertain and indefinite, necessarily, and no basis existed for expert opinion on the value of such area, and no basis existed for any issue to be submitted to the jury as to the value of such area."

It is true that the exact location of the west line was not pointed out by appellant; only that it was west of the west end of the shed. It is also true that appellee knew he was buying only 65 front feet on Avenue D.

In support of his contention that the pleadings and proof were insufficient, appellant cites Rahl v. Compton, Tex.Civ.App., 112 S.W.2d 509 (Writ Dis.), and Hughes v. Belman, Tex.Civ.App., 200 S.W.2d 431 (Writ Ref.NRE), both by this court.

Those cases involved a shortage in acreage and the evidence was held insufficient to show the value of the land actually conveyed; hence there was no basis for a judgment. We adhere to the rules of law announced in these decisions. There is no similarity between the facts in those cases and the facts here, and we will not further discuss the decisions cited.

While this case may incidentally involve a shortage in quantity, there is, in reality, no shortage, since appellee received as much land as he agreed to buy. It is the location of the metal shed, and the representations concerning it, which give rise to the controversy.

■ There is no doubt but that a false representation as to improvements or other objects of value being located on the premises is actionable in real estate transactions. Sanders v. Hickman, Tex.Civ.App., Amarillo, 235 S.W. 278; Flusche v. Uselton, Tex.Civ.App., Austin, 201 S.W.2d 58.

■ Appellee's expert witness who testified as to values gave opinion as to the value of the property actually conveyed and the value of the property so widened as to include all of the metal shed. Appellant's objection seems to be that this latter value did not include the value of some two or three feet of land west of the shed. This is a matter of which appellant cannot complain. The inclusion of this strip would only have enhanced the damages to appellant's detriment. The error, if any, was in favor of appellant.

■ Furthermore, the evidence was uncertain as to how far west of the shed the line was represented to be, but it was positive and certain that it lay far enough west to include all of the shed. Appellee was within his rights in abandoning any claim for damages based on location of the line farther west than the west end of the shed, which was accomplished by limiting proof of damage, as above indicated. This abandonment results in the elimination of all uncertainty in the pleading and proof, and makes inapplicable the cases relied upon by appellant.

Appellant's ninth and tenth points question the right of appellee to rely upon the representation made by appellant as to the location of the west boundary line of the property because it is said that such representation was vague and indefinite, was a mere expression of opinion and not a statement of fact and that the physical facts spoke for themselves, were open to observation and were actually observed by appellee, and that appellee, in the exercise of ordinary prudence, should have determined the location of the west line by measurement.

We have already held that since appellant positively represented that the west line was located far enough west to include the metal shed and that in view of the evidence as to value, appellant has no right to complain that the testimony is not clear as to exactly how far west of this building the line was represented to be.

■ The representation as to where the boundary was located was a representation of fact. 7 Tex.Jur., p. 252.

■ The question as to whether appellee was entitled to rely upon the representation, in view of the fact that he knew he was buying only 65 front feet, is of some difficulty. The excess, in order to include all of the metal shed, is 12 feet over the call for 65 feet.

" 'It is well settled in this state that where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based thereon by a plea that the party defrauded might have discovered the truth by the exercise of proper care.' Moore v. Beakley, Tex.Com. App., 215 S.W. 957, 958.

"In Wortman v. Young, Tex.Com.App., 235 S.W. 559, 561 (appellant's main authority), plaintiff Wortman knew of facts indicating an utter falsity of the particular representations, for which reason, the general rule just stated was held inapplicable; and it was in this connection that Judge Randolph, for the Commission of Appeals, said: 'The decisions in this state do not require a party to make an investigation, but he must and will be charged with knowledge of facts which do put him on his guard.' " Frankfurt v. Decker, Tex. Civ.App., Dallas, 180 S.W.2d 985, 987.

■ The only information which appellee had to show the falsity of the representations was the fact that he knew he was buying only 65 front feet. If the property had been unimproved the discrepancy in distance might have been more noticeable, but when we consider that the metal shed was one building, constituting a single unit, and that no person possessing a trace of prudence would consider purchasing only a portion of the land on which the building was situated, we cannot say that appellee was not entitled to rely upon the representation made. More consistent with fair dealing, under similar circumstances, would be to require that the seller affirmatively

advise the buyer that the building would have to be cut in two. Failure to disclose a fact of this nature would certainly be sharp trading. A positive false representation of such a material matter is even more culpable.

We are, therefore, of the opinion that the information possessed by appellee was insufficient as a matter of law, under the facts of this case, to charge him with knowledge of the falsity of the representation made by appellant.

This holding disposes of appellant's eleventh point complaining of the failure of the trial court to submit to the jury an issue inquiring if appellee was not in possession of such information as to preclude him from relying upon the representation made by appellant as to the location of the west line.

Appellant's last two points urge that appellee has suffered no damage and is not entitled to recover for the reason that appellant offered, during the trial, to pay appellee the original consideration for a re-conveyance of the property.

Appellant cites Pitts v. Kennedy, Tex Civ.App., San Antonio, 177 S.W. 1016. Whatever may have been the law when this decision was rendered, the measure of damages in a suit of this character is now prescribed by Art. 4004, Vernon's Ann.Civ.St. Sibley v. Southland Life Ins. Co., Tex.Com. App., 36 S.W.2d 145.

It is also the law that the election of rescinding the contract or transaction or affirming and suing for damages rested with appellee and not with appellant. 20 Tex Jur., p. 115.

The trial court was not in error in applying the statutory measure of damages. Speer v. Pool, Tex.Civ.App., El Paso, 210 S.W.2d 423.

The judgment of the trial court is affirmed.

Affirmed.