**SUPPERSTEIN v. FIELDSMITH.**

No. 15521.

Court of Civil Appeals of Texas.

Fort Worth.

June 11, 1954.

Sessions & Sessions and H. M. Rovenger, Dallas, for appellant.

Minor L. Morgan, Dallas, for appellee.

RENFRO, Justice.

This is an appeal by appellant Supperstein from a judgment rendered against him in favor of appellee Fieldsmith, growing out of a transaction involving oil and gas leases.

The jury found that appellant represented to appellee that he would pay $3,000 as his share of the purchase price of the leases in question, such representation was false, was a material inducement to appellee to purchase the leases, and but for such representation appellee would not have purchased the leases. The jury also found that appellant had represented the actual value to be $50 per acre when in fact the actual value was $25 per acre.

Judgment was entered for appellee for $1,500, being the difference between the actual value of the leases and the value as represented.

Appellant contends there were no pleadings on which to base the issue as to actual value, and no evidence to sustain the jury finding. The petition alleged the true sale price to be $25 per acre instead of $50 per acre, as represented by appellant. The issue was substantially within the pleadings and, in the absence of any objection to the charge, no reversible error is shown. Herndon v. Halliburton Oil Well Cementing Co., Tex.Civ.App., 154 S.W.2d 163; 41-B Tex.Jur., p. 613, sec. 467. We also find sufficient evidence in the record to uphold the jury finding on value.

Findings of the jury tending to establish a joint adventure between appellant and appellee are attacked as not being supported by the pleadings and the evidence. In view of the findings set out above we do not consider it necessary to discuss the points concerning joint adventure.

Appellant's major contention is based on the argument that appellee received exactly what he bargained for at the price he contracted to pay and thus failed to show any damage.

The evidence, viewed in the light most favorable to the verdict and judgment, reveals that appellant told appellee he was in position to secure an assignment of two oil and gas leases covering two tracts of 80 and 40 acres respectively in Arkansas. He represented the market value to be $60 per acre, but that he could obtain the

120 acres for $50 per acre because of his close relationship with the owners. He offered to pay $3,000 of his own money and proposed that appellee pay a like sum, each to obtain an undivided one-half interest in the leases. Together they went to the office of the attorney representing the owners of the leases. Appellee paid his share of $3,000 in cash. Appellant handed the attorney his personal check for $3,000. The assignments were duly executed, conveying the leases to appellant and appellee jointly. After the transaction was completed and the parties had left the attorney's office, appellant returned and picked up his $3,000 check, and at the same time collected $1,200 commission from the attorney for making the deal. So, instead of paying $3,000 for a one-half interest in the leases, appellant actually received the one-half interest for nothing and in addition profited to the extent of $1,200. Later, appellee learned that the purchase price, already arranged by appellant before they went to the attorney's office, was only $25 per acre.

The appellee had dealt with appellant on former occasions and had confidence in him. The fact that appellant was willing to invest $3,000 of his own money in the leases had great influence in causing appellee to enter into the agreement. He knew appellant was familiar with oil developments in the vicinity of the leases. He would not have invested his money had he known appellant was not going to invest his money.

The substance of appellant's argument is that appellee agreed to pay $50 per acre for an undivided one-half interest in the 120 acres, and that being the amount of money paid by him and the amount of interest assigned to him, he got what he bargained for, and the failure of appellant to pay his $3,000 could give rise to no damage to appellee.

We cannot agree. Appellee in good faith believed appellant's representation that the leases would cost $6,000 and that it would be necessary for each to pay $3,000 for his share. Appellee paid his $3,000 in cash at the same time appellant was making his simulated payment of $3,000. The damage occurred by reason of his being induced by the false representations of appellant to pay $3,000 for a one-half interest in leases which one-half interest was priced at only $1,500, and which, according to the jury, had an actual value of only $1,500.

Appellant's representation that he was paying $3,000 of his own money was false representation of a material fact, for he knew before he contacted appellee that the assignments could be bought for $25 per acre or a total of $3,000. By the false representations appellee was induced to pay exactly twice the actual value of the interest he received.

The difference in the value represented and the actual value of the interest received was $25 per acre or a total of $1,500.

Thus, by reason of the false representations of appellant, the appellee was damaged in that amount.

The jury having found the necessary elements prerequisite to recovery, we overrule appellant's contention that no damage was shown. Sibley v. Southland Life Ins. Co., Sup., 36 S.W.2d 145; Schonrock v. Taylor, Tex.Civ.App., 212 S.W.2d 260.

The judgment is affirmed.