Malcolm R. SMITH, Appellant,

v.

A. T. BIFANO, Appellee.

No. 3684.

Court of Civil Appeals of Texas.

Waco.

Dec. 2, 1959.

Rehearing Denied Dec. 31, 1959.

Carter, Gallagher, Jones & Magee, Dallas, for appellant.

Henry Klepak and Norman A. Zable, Dallas, for appellee.

McDONALD, Chief Justice.

Plaintiff Smith brought this suit against defendant Bifano under Article 4004, Vernon's Ann.Civ.St., to recover damages because of misrepresentations made by defendant to plaintiff concerning the foundation of a house which was purchased by plaintiff from defendant. By agreement of the parties the Trial Court submitted the case to the jury on a general charge. The jury found in favor of plaintiff and fixed his damages at $3,000. Plaintiff and defendant both filed motions for judgment. The Trial Court granted defendant's motion for judgment non obstante veredicto. Plaintiff appeals, contending that the Trial Court erred in granting defendant judgment non obstante veredicto; that there is evidence to support the findings of the jury; and that this court should reverse the judgment of the Trial Court and render judgment for the plaintiff for $3,000.

Plaintiff alleged that he entered into a written contract with defendant in July 1955 to purchase a certain house from him; that prior to closing the transaction plaintiff learned that the house was constructed on a lot which had required considerable "fill dirt" to bring the level of the lot up to the desired height; that he questioned defendant as to the adequacy and stability of the foundation of the house; that defendant represented to him he had constructed the foundation of the house in such a manner as to compensate for the fill dirt which had been placed on the lot; that such representation was false; made for the purpose of inducing plaintiff to purchase the house; that plaintiff relied on such false representation to his detriment; that but for such representation he would not have purchased the house; that thereafter in April 1957 the bricks cracked on the house; the bricks pulled away from the eaves and sheetrock; that defendant, though notified of same, failed and refused to make necessary corrections; that plaintiff's damage is $7,500. Defendant filed denial to plaintiff's petition.

Trial was to a jury; and submission was made on general charge by agreement, pertinent portions of which follow:

"You are instructed that if you find from a preponderance of the evidence that before the sale of the house and lot in question was consummated the defendant Bifano made representations to the plaintiff Smith about the nature and extent of the foundation to such house and the character of the foundation as it pertained to the soil structure upon which the house was built; and if you find that such representations, if any, made by defendant Bifano were false at the time made, and if you should find that plaintiff Smith, in purchasing the house, relied upon such false representations, if any, of de-

fendant Bifano, and but for such false representations, if any, would not have completed the purchase of such house, and if you further find that plaintiff has sustained damages as a result of false representations, if any, of defendant, then you will find a verdict in dollars and cents for the plaintiff.

"However, if you find that defendant Bifano did not make any false representations to plaintiff Smith regarding the character and nature of the foundation of the house or the nature of the soil structure upon which the house was built, or if you should find the plaintiff Smith did not believe and rely upon false representations, if any, of Bifano, or if you should find that plaintiff did not sustain any damages as a result of false representations, if any, of defendant, then you will return a verdict in favor of the defendant."

The jury returned its verdict: "We, the jury, find in favor of the plaintiff Smith, and fix his damages at $3000.00".

■ Our Supreme Court in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 199, states the principles of law involved:

"Also, to sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon. (Citing authorities.)

" 'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable." (Citing authorities.)' "

See also 3B Tex.Jur., Secs. 938, 939 and 940, and cases there collated; Olds v. Traylor, Tex.Civ.App., 180 S.W.2d 511, pts. 8 and 9, W/E Ref.

A review of the record before us discloses that defendant when asked about the "fill" of the lot and the foundation, by plaintiff, told plaintiff that he need not worry or be concerned about the foundation; that he, the defendant, built good houses and that plaintiff would have no trouble with the foundation or with the house. The plaintiff testified that he relied on the defendant's representation and relied on the defendant as a builder. The record is without dispute that the foundation gave way, causing cracks to come in the brick walls; and causing the walls to pull back from one another. The record reflects that the foundation of the house was not a proper foundation considering the soil condition and the "fill" of the lot.

■ In considering the evidence favorable to the plaintiff it is abundant to support the finding of the jury that the representations made by defendant were false and that they induced plaintiff to consummate the purchase of the house.

Defendant herein, however, contends that because the plaintiff reserved the right to make certain investigations of his own and did pursuant to such right make certain investigations of the house, that plaintiff must be held as a matter of law to have knowledge of everything that a proper investigation would have disclosed. Defendant cites the case of Gray v. Williams, Tex. Civ.App., 290 S.W. 844, no writ hist., in support of such contention.

■ It is our view that such circumstances go only to the fact question as to whether or not plaintiff relied on the defendant's representations. The jury heard all of the evidence; that tending to show that plaintiff relied on the defendant's representations; and that tending to show that plaintiff did not so rely; and on abundant evidence found that he did so rely.

**476**

Our Supreme Court in Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792, 793, 797, states the rule thusly:

"We cannot adopt the theory that a jury verdict may be set aside because the record contains evidence of and gives equal support to inconsistent inferences. This court should never set aside a jury verdict merely because the jury could have drawn different inferences or conclusions. The jury in this case has considered all the facts admitted before it and has, by its answers, selected from the conflicting evidence and conflicting inferences that which it considered most reasonable."

■ The Gray v. Williams case, supra, cited by defendant was a case in which the jury found against the plea of fraud. The party asserting fraud had undertaken to and did make certain investigations of his own. The court held that the record amply supported the jury's finding. The Williams case, supra, is a correct determination of the factual situation before the court in that case, but is not applicable to the factual situation before us. In any event the record before us discloses that plaintiff did not make a full investigation of his own although he may have had the right to do so. It is well settled that where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have discovered the truth by the exercise of proper care. Labbe v. Corbett, Tex.Sup., 6 S.W. 812; Moore v. Beakley, Tex.Com.App., 215 S.W. 957, opinion adopted; Schonrock v. Taylor, 212 S.W.2d 260, no writ hist.

■ It is our view that the record abundantly sustains the findings of the jury in all respects and that the Trial Court erred in rendering judgment for the defendant non obstante veredicto. See also Passero v. Loew, Tex.Civ.App., 259 S.W. 2d 909, W/E Ref. N.R.E.; Lincoln v. Pohly, Tex.Civ.App., 325 S.W.2d 170, W/E

Ref. N.R.E.; United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099, affirmed 130 Tex. 126, 108 S.W.2d 432; Rules 324 and 325 as amended, Texas Rules of Civil Procedure.

■ The judgment of the Trial Court is accordingly reversed and judgment here rendered for plaintiff for $3,000, together with interest at 6% per annum from 16 December 1958, the date of the jury verdict. See, Fancher v. Cadwell, Tex.Sup., 314 S.W.2d 820, 821.

Reversed and rendered.