Ralph S. ROWNTREE et ux., Appellants,

v.

John W. RICE et al., Appellees.

No. 14664.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 21, 1968.

Chapin & Narciso, San Antonio, for appellant.

Trueheart, McMillan, Russell & Hoffman, Banks & Banks, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a take-nothing summary judgment. Appellants brought this suit against John W. Rice and wife, Beryl Lowe Rice, vendors of a home purchased by appellants for the sum of $78,500, M. M. Pharr and wife, Helen Pharr, d/b/a Pharr Realtors, who were the real estate agents of vendors, Mrs. Juanita Starcke, a real estate agent who assisted appellants in locating this home and divided the agent's commission with Pharr Realtors, and John M. Bayne, Esq., an attorney employed by appellants to represent them in the closing of this transaction on February 5, 1965.

This property, which is 269 Geneseo Road, Terrell Hills, Texas, is located at the northwest corner of Geneseo and Eldon Roads, and is legally described in part as the East 90 feet of Lot 23. Appellants alleged that several months after this property was pur-chased they discovered, when they sought to add a studio on the east side of the house, that Terrell Hills, hereinafter referred to as City, owned an eighteen-foot street easement west of the curb on Eldon Road, and that nearly eleven feet of this easement was located inside a brick patio enclosed by a five-foot brick wall, and in fact extended over two feet into the swimming pool in this enclosed patio which adjoins the house. Appellants sought damages from all defendants except Bayne for fraud in representing that the east property line included the brick wall or for concealing the fact that the City owned this eighteen-foot easement. Damages were sought from Bayne for malpractice or breach of contract.

General denials were filed by all defendants. Thereafter, a motion for summary judgment was filed on behalf of all defendants except Bayne, based on the pleadings and the depositions of the Rices, Mrs. Pharr and Mrs. Starcke, together with affidavits of Mrs. Mabel B. Farnsworth and James Wolfington. Two affidavits of Rowntree were filed in opposition to said motion. The trial court granted the motion as to the Rices and Pharrs, but denied it as to Mrs. Starcke. The causes of action against Mrs. Starcke and Bayne were severed, and a take-nothing judgment was entered as to appellees, John W. Rice and wife, Beryl Lowe Rice, and M. M. Pharr and wife, Helen Pharr.

In addition to a point urging that the motion for summary judgment was erroneously granted, in that there are material fact issues in the case, appellants urge several procedural points in connection with the summary judgment record and the hearing of the motion over their objections. Appellees' motion for summary judgment is couched in the general language of Rule 166–A(c), Texas Rules of Civil Procedure, and the specific basis for the trial court's action is not set forth. Appellees urge, however, that the judgment was properly rendered on either of two grounds. First, the undisputed evidence shows no fraudulent concealment through the failure of appel-

lees to disclose the easement to appellants. Second, the undisputed evidence shows that Bayne had actual knowledge or means of knowledge of such easement and his knowledge is imputed to appellants as a matter of law.

Appellants do not contend that there was a direct statement by any of appellees as to the location of the east boundary line of the property. The nearest to same was a statement by Rice during an inspection of the premises prior to the purchase. On this visit Rice showed Rowntree the enclosed patio and pointed out how desirable it was for entertaining guests. Appellants urge that because the entire patio was enclosed within a brick wall and highly landscaped, appellees represented that same was included within the dimensions of the property. Furthermore, the sale brochure on this property shown appellants stated that there was a swimming pool.

It is uncontradicted that all appellees knew of the street easement, although Mrs. Rice did not realize that it actually included a part of the swimming pool. The Rices were the third or fourth owners of this property, and on a prior sale, handled by Mrs. Pharr, the vendor had agreed to pay the purchaser $1500.00 in the event the City required the swimming pool to be relocated. The appellees testified that they were not concerned about the street easement because there was no likelihood that the City would ever use same. However, appellants were only able to buy three feet from City after discovering this easement.

A very similar situation was presented in Schonrock v. Taylor, 212 S.W.2d 260 (Tex. Civ.App.—Austin 1948, writ ref'd). Buyer purchased a city lot described as 65 front feet on Avenue D. A shed was on this lot, and after the purchase the buyer learned, contrary to the representation of seller, that twelve feet of the shed was located on the adjoining property and was only leased by seller. The principal difficulty in the case was whether the buyer was entitled to rely upon the representation of seller since he knew he was buying only sixty-five feet and the shed extended some twelve feet over the line. The Court held that since the shed was one building and no person possessing a trace of prudence would consider purchasing only a portion of the land on which the building was situated, it could not be said that the buyer was not entitled to rely upon the representation made. The Court said: "More consistent with fair dealing under similar circumstances, would be to require that the seller affirmatively advise the buyer that the building would have to be cut in two. Failure to disclose a fact of this nature would certainly be sharp trading. A positive false representation of such a material matter is even more culpable."

Here a stronger case is made. By advertising and showing the property as containing a swimming pool, which was shown enclosed within a five-foot brick wall, it must be said that appellees were representing that all the swimming pool was contained within the property. The same can be said to a lesser extent of the entire trellised and landscaped patio contained within these walls. There simply would be no basis for a prospective buyer to suspect otherwise. There is no evidence that there was any visible indication that the east boundary line was other than along this brick wall.

Where there is a duty to speak, silence may be as misleading as a positive misrepresentation of existing facts. Humble Oil & Refining Co. v. Harrison, 146 Tex. 216, 205 S.W.2d 355 (1947); Johnson v. Sovereign Camp, W.O.W., 125 Tex. 329, 83 S.W.2d 605 (1935); Burnett v. Atteberry, 105 Tex. 119, 145 S.W. 582 (1912); 28 Am. Jur.2d § 53. We cannot say from the record before us that there is no fact issue raised as to whether appellees wrongfully concealed the fact that part of the swimming pool and enclosed patio belonged to the City.

Appellees urge that since appellants had the property surveyed and a plat prepared from this survey was in the possession of appellants' attorney, Bayne, at the time of

closing, this attorney had actual knowledge or means of knowledge of such easement and that his knowledge is imputed to appellants as a matter of law.[1]

A loan in the amount of $48,000 was secured by appellants through the San Antonio Savings and Loan Association and a survey of the property was required as a part of the loan approval. A plat was prepared on January 5, 1965, by Reynolds Andricks, C. E., at the request of the Texas Title Company, who guaranteed the title and handled this transaction. The affidavit of Mrs. Farnsworth, an employee of Texas Title Company, states that she met with appellants, Bayne, and Mrs. Starcke on February 5, 1965. She brought to this meeting the closing papers, including a note and deed of trust to be executed by appellants. Among these papers was a copy of the plat prepared by Mr. Andricks. All the improvements on this lot are drawn on this plat. A line is drawn on this plat indicating 18.0′ from the curb of Eldon Road, although it is not identified as an easement. This line intersects the swimming pool as well as the brick wall enclosing the patio.

Mrs. Fransworth did not state that the plat was examined on this occasion by Bayne or anyone else. Mrs. Starcke testified by deposition that she did not remember Bayne or appellants examining the closing papers, nor was there any discussion of the easement. She had no personal knowledge of the easement until after this suit was filed. There was no testimony of Bayne before the trial court at the time of the summary judgment hearing.

In his oral deposition, Rowntree admitted that the plat was in the closing papers. Although there is no positive testimony that Bayne examined the plat, Rowntree testified that Bayne "flipped through the papers" and assured him that "there was no fine print which might lead to an entanglement." This deposition was never signed by Rowntree or filed in accordance with Rule 209,

T.R.C.P. In lieu thereof, appellees filed an affidavit of the court reporter, Mr. Wolfington, who stated that he took the oral answers of appellants after they were duly sworn. Thereafter such questions and answers were transcribed and the original copies delivered to appellants' attorney, Tuck R. Chapin, Esq. Said depositions were never signed because Chapin advised that he wanted to take additional depositions in the case. The reporter then stated that true and correct copies of the oral depositions of Mr. and Mrs. Rowntree were attached.[2]

Appellants urge that since the Rowntrees' depositions were not filed they were not before the court and the affidavit of the court reporter as to the contents was hearsay and inadmissible as evidence under Rule 166–A (c), (e), T.R.C.P.

■ In Branch v. Jean, 320 S.W.2d 427 (Tex.Civ.App.—Eastland, 1959, writ ref'd n. r. e.), a question was presented as to the admissibility of admissions because they were contained in a deposition taken in another case and which was not signed. In holding said admissions admissible, the Court said: "It is held, however, that admissions or declarations against interest when properly proven are admissible notwithstanding the fact that they are contained in a deposition taken in another suit or that the deposition was not taken strictly in accordance with statutory requirements." See also, McCormick and Ray, Texas Law of Evidence, §§ 1121, 1147. The trial court properly considered the admissions of appellant contained in this deposition.

■ We have considerable doubt as to whether an issue of imputed knowledge was raised under the general denials filed by appellees. Although plaintiff in a fraud suit must plead and prove on the merits that he was ignorant of the falsity of defendant's representations and in fact relied on same, it would appear that an issue of imputed

---

1. Gracey v. West, 422 S.W.2d 913 (Tex. Sup.1968).

2. The deposition of Mrs. Rowntree contains no admissions.

knowledge of plaintiff's agent is in the nature of a plea of avoidance and therefore an affirmative defense which must be affirmatively alleged under Rule 94, T.R.C.P. It cannot be said, as urged by appellees, that this issue was tried by implied consent under Rule 67, T.R.C.P.

In Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557, 562 (1962), the Supreme Court said: "The record of a summary judgment proceeding then consists of the pleading whose office it is to outline the claims and defenses of the respective parties, the depositions and admissions on file and affidavits submitted either in support of or opposing the motion. With the exception of the pleadings it is not essential that any or all of the other possible components of the summary judgment record be present." See also, Gaylord Container Division of Crown Zellerbach Corp. v. H. Rouw Co., 392 S.W.2d 118 (Tex.Sup.1965); Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492 (1959); Aycock v. City of Fort Worth, 371 S.W.2d 712 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n. r. e.); 30 Texas L.Rev. 613 (1952).

■ In any event, we cannot say from this record that either appellants or their attorney, Bayne, can be charged as a matter of law with actual knowledge of the easement. It must be kept in mind that although appellants were required to pay for the survey, the only purpose of securing same was the request of the lending institution in connection with their loan. Such loan was secured and there is no evidence that the lending institution raised any question in connection with the dimensions of the property. There was nothing in connection with the closing of the transaction which required any attention to the plat. Rather, the record would fairly support the inference that Bayne's attention was directed to the papers which appellants were required to execute.

Appellees rely primarily upon Hexter v. Pratt, 10 S.W.2d 692 (Tex.Com.App.1928, jdgmt. adopted), wherein the Court defined "actual notice" as follows: "In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, which if pursued by the proper inquiry the full truth might have been ascertained. Means of knowledge with the duty of using them are in equity equivalent to knowledge itself. Where there is a duty of finding out and knowing, negligent ignorance has the same effect in law as actual knowledge. So that, in legal parlance, actual knowledge embraces those things of which the one sought to be charged has express information, and likewise those things which a reasonably diligent inquiry and exercise of the means of information at hand would have disclosed. Actual notice is always a question of fact." In the *Hexter* case, the party was charged with actual notice of a claim which was included in an abstract of title which was examined by his attorney. See also, Woodward v. Ortiz, 150 Tex. 75, 237 S.W.2d 286 (1951).

■ In O'Ferral v. Coolidge, 149 Tex. 61, 228 S.W.2d 146 (1950), it was recognized that ordinarily notice is a question of fact which is foreclosed by the judgment of the trier of the facts; it becomes a question of law only when there is no room for ordinary minds to differ as to the proper conclusion to be drawn from the evidence. See also 26 Tex.Jur.2d, Fraud & Deceit, § 124.

■ It is settled that contributory negligence is not a defense to an action based on fraud and that a fraud-feasor cannot excuse his fraudulent acts by asserting that the defrauded person was guilty of contributory negligence. Southern States Life Ins. Co. v. Newlon, 398 S.W.2d 622 (Tex.Civ.App.— Eastland 1966, writ ref'd n. r. e.); Smith v. Bifano, 330 S.W.2d 473 (Tex.Civ.App.— Waco 1959, writ ref'd n. r. e.); Schonrock v. Taylor, supra.

In Isenhower v. Bell, 365 S.W.2d 354 (Tex.Sup.1963), the Court, in holding that there was no error in refusing to submit an issue as to whether plaintiff "should have known" of the false representation, said:

"Where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have discovered the truth by the exercise of proper care."

The record in this case does not establish as a matter of law that appellants had actual knowledge of the easement owned by the City at the time they purchased the property from the Rices. The trial court erred in granting appellees' motion for summary judgment.

The judgment of the trial court is reversed and the cause remanded for trial on the merits.