D. C. RATTAN et al., Appellants,

v.

Francis E. BOSLEY et ux., Appellees.

No. 4851.

Court of Civil Appeals of Texas.

Waco.

Oct. 9, 1969.

Rehearing Denied Oct. 30, 1969.

Allen Melton, Dallas, for appellants.

Yarbrough, Yarbrough, Johnson and Hinds, Dallas, for appellees.

## OPINION

HALL, Justice.

This action was brought by the appellees to rescind the sale by them of a duplex residence and its furnishings and to cancel the deed of conveyance, on the ground of fraud. The purchaser was Charles E. Rattan. At his request and for his convenience, the deed was made to recite that the grantee is his son, D. C. However, D. C. was not otherwise involved in the transaction, and he owns no beneficial interest in the property. Charles Rattan was the defendant of interest in the trial court, and it is he to whom we refer as the appellant.

Appellant agreed to pay appellees $7,200 for their equity in the property. Additionally, he agreed to assume payment of the balance of approximately $5,000 owing on a purchase-money mortgage. In exchange, appellant gave appellees three "Revenue Bonds, Series A", issued by Republic

Bankers Life Insurance Company of Dallas, Texas, of the total face value of $9,000, which he "discounted 20%." The bonds are referred to in the record as "surplus debenture bonds" and are part of a series that was issued by the company in 1963 "in an aggregate amount not exceeding $300,000."

The bonds bear interest at the rate of five per cent per annum, but no provision is made for their maturity. They provide that the interest shall be paid out of five per cent of the monthly gross renewal income received by the company, which shall be set aside for that purpose, but that "the obligations of the company to set aside such percentage of renewal premium income shall arise only when the surplus funds of the company exceed $50,000 and shall continue as long as the free surplus amounts to $50,000 * * *." By their terms, the bonds "shall not otherwise constitute a liability of the company or a claim against any of its funds or assets."

Without dispute, interest payments have never been made on the bonds.

■ Trial was to a jury which found, (1) that at the time of the sale appellant represented to appellees that "interest was then being currently paid" by the company on the bonds; (2) that the representation was false; (3) that the representation was of a material fact; (4) that it was made with the intent to induce appellees to sell; (5) that appellees relied upon the representation "believing it to be true and were induced thereby to execute the transaction;" (6) that appellees "thereby suffered injury;" and (7) that at the time of sale, the bonds had no value.

The trial court rendered judgment canceling the deed and restoring the bonds to appellant.

Appellant contends that there is no evidence to support the jury findings, or, alternatively, that the findings are against the great weight and preponderance of the evidence.

No other person was present when appellant and appellees negotiated their deal. Appellees, each several times, testified that appellant represented to them that the bonds *had paid* and *were paying* interest. Mrs. Bosley testified, "He said these bonds are paying five per cent interest. * * * He said they are paying five per cent interest and they will pay off the $9,000 in about two years. * * * He said it was the same as if you had your money in the bank drawing five per cent interest. * * * What I relied upon was that Mr. Rattan in turning over these bonds for the place said that these bonds are paying five per cent interest and that we would draw this interest for the next two years on these bonds." Mr. Bosley testified, "He told me that these bonds are paying five per cent interest, that they were issued to him by the Republic Bankers Life Insurance and that they would be redeemed in two years. * * * He said these bonds are paying five per cent interest and he said that they would be redeemed in two years. * * * Well, he told me that these bonds are and were paying five per cent interest. * * * He said 'were paying.'"

Appellant testified that he "could not possibly" have made the representations attributed to him, because he knew the conditions set forth in the bonds for the payment of interest had not been met. He said he told appellees that the bonds "are five per cent bonds, that they will pay five per cent when the conditions in the bond are met."

Appellees testified that they relied upon appellant's representations and would not have traded had they known the bonds were not paying interest.

The only testimony as to the value of the bonds on the date of sale was given by a licensed stockbroker who was also assistant manager of a firm engaged in the business of underwriting and distributing stocks and bonds. He testified that there

was no market for the bonds and that they did not have any value.

We overrule appellant's contention that there is no evidence to support the jury findings on the fraud issues, and hold that those findings are not against the great weight of the evidence.

■ Appellant contends that he is entitled to judgment because appellees failed to use ordinary care to learn that interest was not being currently paid on the bonds. There is no merit in this contention.

Appellees had no duty to make any investigation as to the truth or falsity of the statements and representations made to them concerning the bonds. When one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based thereon by asserting that the party defrauded might have discovered the truth by the exercise of proper care. Labbe v. Corbett, 69 Tex. 509, 6 S.W. 808, 811 (1888); Moore v. Beakley, (Tex.Com. App., 1919) 215 S.W. 957, 958; Schonrock v. Taylor (Tex.Civ.App., 1948, writ ref.) 212 S.W.2d 260, 263; Southern States Life Ins. Co. v. Newlon, (Tex.Civ.App., 1966, ref., n.r.e.) 398 S.W.2d 622, 626; 37 C.J.S. Fraud, § 30, page 274.

■ By pleading and proof, appellant sought to recoup $2,106.00 paid on the purchase-money mortgage and $297.18 he spent for repairs to the property. The jury made findings favorable to him on those items. On appellees' motion, the trial court disregarded the findings and denied appellant any recovery thereon. He complains of this ruling.

The evidence shows that appellant had possession and beneficial use of the property, receiving the rents therefrom, for a period of at least two years. Although appellant's records were complete and his testimony was positive as to the amounts he had paid on the mortgage and for repairs, he was vague and evasive in his statements as to what he had received by way of rental income. He did admit that at the time of trial he was receiving rental income of $35.00 per week for each of the two apartments in the duplex. He also testified that at least one apartment has been rented at all times.

Appellant has not accounted for the rents received by him. The evidence does not show in what amount, if any, appellant's claim for expenditures exceeded the amount of rental income received by him. Under these circumstances the trial court's ruling was correct. Aniol v. Aniol, (Tex. Civ.App., 1933) 62 S.W.2d 668, 669, affirmed 127 Tex. 576, 94 S.W.2d 425 (1936); Chambers v. Wyatt, (Tex.Civ. App., 1912, no writ) 151 S.W. 864, 866.

■ The trial court's order canceling the deed is supported by the jury findings on the fraud issues. Texas Industrial Trust, Inc. v. Lusk, (Tex.Civ.App., 1958, writ ref.) 312 S.W.2d 324. The judgment also provides, in effect, that appellant may pay appellees $1,200 in lieu of delivering the duplex furnishings to them. This order is based upon a jury finding that the furnishings had a market value of $1,200 at the time of trade. Appellant complains of the order, asserting that there is no evidence to support the finding. We sustain this contention.

Appellees tacitly admit that there is no evidence to support the finding on the market value of the personalty, but they state in their briefs that the order in question is of no consequence to them. The judgment is therefore reformed so as to eliminate therefrom the provision that appellant may pay appellees $1,200 in lieu of delivering the duplex furnishings to them.

We have carefully considered all of appellants' contentions. None present reversible error. The judgment of the trial court, as reformed, is affirmed.

Reformed and affirmed.