**Nell C. ROBERT, Appellant,**

v.

**Don E. SUMEROUR and wife Clara Sumerour, Appellees.**

**No. 5591.**

Court of Civil Appeals of Texas, Waco.

Nov. 12, 1976.

Rehearing Denied Dec. 16, 1976.

Clark & Vannatta, Waco, for appellant.

W. T. Phillips, Fred Horner, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Robert from $6,500 judgment against her in a fraud case.

Plaintiffs Sumerour and wife sued defendant Robert alleging defendant induced plaintiffs to purchase her home situated on an approximate one-acre tract by false and fraudulent representations that the water well on the property was a deep well; that such well had more than adequate water to take care of household needs, yard and garden; and that the water was quality suitable for drinking and household use; that such representations were false; that the well was only 21 feet deep; produced insufficient water for household purposes; that such representations were material and relied upon by plaintiffs; that plaintiffs paid defendant $21,500 for the house and lot; that its actual value in the condition it was delivered was $15,900. Plaintiffs prayed for rescission of the sale or alternatively for $6,500 damages.

Defendant answered by general denial.

Trial was to a jury, findings of which are summarized as follows:

1) Defendant represented to plaintiff that the well provided adequate water for household use.

2) Such representation was false.

3) Such representation was made for the purpose of inducing plaintiffs to purchase the property.

4) Plaintiffs relied on said representation in purchasing the property.

5) The market value of the property as represented to plaintiffs at the time of the sale was $21,500.

6) The actual value of the property in the condition in which it was delivered was $15,000.

The trial court rendered judgment on the verdict for plaintiffs for $6,500.

Defendant appeals on 11 points, pertinent of which contend:

1) The trial court erred in failing to grant instructed verdict for defendant as there was no evidence defendant made any "material" representations to plaintiffs.

2) The trial court erred in failing to grant a new trial because the verdict is so contrary to the overwhelming weight of all the evidence as to be unjust.

3) The trial court erred in not submitting Defendant's Requested Issue on Plaintiffs' failure to exercise reasonable care to protect their interest.

4) The trial court erred in submitting Issues 5 and 6 in that there was insufficient evidence to support submission of such issues.

5) The trial court erred in not granting a new trial because of prejudicial testimony elicited from plaintiffs' witness.

6) The trial court erred in overruling defendant's Special Exception to plaintiffs' 1st supplemental petition.

7) The trial court erred in overruling defendant's 2nd motion for continuance.

8) The trial court erred in not submitting defendant's requested special instruction as to plaintiffs making their own investigation.

■ Contentions 1), 2) and 4) are that there is no evidence or insufficient evidence to support the verdict of the jury.

There is evidence that defendant represented to plaintiffs the well was a very deep well and had never run out of water; that it had never been pumped dry; that the water was not murky; that it would produce an adequate supply of water for household needs. There is further evidence the well pumped dry 3 days after plaintiffs moved into the house; that the water was black and murky; that it produces insufficient water for household needs; that the washing machine and dishwasher cannot be used because of insufficient water; that two baths cannot be taken in a row; that the well has run dry many times; that the well is a shallow surface well only 21 feet deep; that the property was worth $21,500 or $22,000 as represented; and worth $18,-000 or $15,000 as actually delivered to plaintiffs. There is evidence plaintiffs would not have purchased the property if they had known the water supply was in the condition that it was. The evidence is ample to support the findings of the jury and such findings are not against the great weight and preponderance of the evidence. *In re Kings Estate*, S.Ct., 150 Tex. 662, 244 S.W.2d 660. See also: *Dallas Farm Machinery Co. v. Reaves*, S.Ct., 158 Tex. 1, 307 S.W.2d 233; *Central Motor Co. v. Thompson*, CCA, Tex.Civ.App.Waco, NWH, 465 S.W.2d 405; Section 27.01 Texas Business & Commerce Code.

Contentions 3 and 8 complain the trial court erred in not submitting their requested issue inquiring whether plaintiffs failed to exercise reasonable care to protect their interest; and in failing to instruct the jury "if a purchaser makes a personal investigation which is free and unhampered and the conditions are such that he must obtain the information he desires, he is presumed to rely on his own investigation rather than on representations made to him by his seller".

■ Contributory negligence is not a defense to an action based on fraud; moreover, plaintiffs made no personal investigation of defendant's well or water supply.

■ And when one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based thereon by asserting the party defrauded might have discovered the truth by the exercise of proper care. *Labbe v. Corbett*, S.Ct., 69 Tex. 503, 6 S.W. 808; *Moore v. Beakley*, S.Ct., Tex.Civ.App., 215 S.W. 957; *Schonrock v. Taylor*, CCA, Tex.Civ.App.Er. Ref., 212 S.W.2d 260; *Smith v. Bifano*, CCA, Tex.Civ.App.Waco, NRE, 330 S.W.2d 473; *Rattan v. Bosley*, CCA, Tex.Civ.App. Waco, NWH, 446 S.W.2d 345.

■ Contention 5) complains a new trial should have been granted because of prejudicial testimony elicited from plaintiffs' witness.

Counsel for plaintiff asked the witness Mrs. Waters whether or not defendant had

shot her husband. The trial court sustained objection to the question and instructed the jury to disregard same. The action of the trial court cured the matter, and in any event the matter is harmless under the record as a whole. Rule 434 TRCP.

Contention 6) complains of the trial court's overruling exception to plaintiffs' 1st Supplemental Petition, and contention 7) complains of the trial court's overruling Defendant's 2nd Motion for Continuance.

Plaintiffs' 1st Supplemental Petition plead for the first time that a trust should be imposed on property defendant purchased with the $21,500 received from the sale to plaintiffs. The trial court overruled exceptions to such petition; and defendant moved for a continuance, which the trial court overruled.

The trial court did not impose any trust as prayed for in plaintiffs' 1st Supplemental Petition; thus assuming error, the matter is harmless. Rule 434 TRCP.

All defendant's points and contentions have been considered and are overruled.

AFFIRMED.