**S. L. McCRARY et ux., Appellants,**

v.

**David L. TAYLOR, Appellee.**

No. 5270.

Court of Civil Appeals of Texas, Eastland.

March 22, 1979.

Rehearing Denied April 12, 1979.

J. R. Black, Jr., Scarborough, Black, Tarpley & Scarborough, Abilene, for appellants.

Ben D. Sudderth, Sudderth, Woodley & Dudley, Comanche, for appellee.

DICKENSON, Justice.

The principal issue is whether payments made by a tortfeasor pursuant to the terms of his probation in a criminal case reduce the victim's cause of action against joint tortfeasors who were subsequently sued by the victim.

David L. Taylor, plaintiff, sued S. L. McCrary and wife, defendants, for gasoline which belonged to plaintiff. The gasoline was stolen from plaintiff by his employee, Roy Mitchell, and it was purchased by defendants. Plaintiff was an oil jobber, and defendants were wholesale customers. The undisputed evidence established that Roy Mitchell stole the gasoline, pleaded guilty to the theft and was sentenced to a term of ten years which was probated. One of the terms of his probation was that he make restitution for the stolen gasoline in the sum of $29,343.44. Roy Mitchell paid $1,000 on the date of sentencing and $200 each month for sixteen months, including the month of trial which began on April 26, 1978. The undisputed evidence shows that restitution payments for the stolen gasoline had been made in the amount of $4,200. Roy Mitchell did not intervene in the lawsuit; he was not sued by plaintiff; and defendants did not bring him into the lawsuit as a third party defendant for purposes of seeking contribution. Roy Mitchell was subpoenaed, and he testified. Following a jury trial, judgment was rendered for plaintiff. Defendants appeal. We will modify the judgment and affirm.

Plaintiff alleged that defendants participated in the theft and fraudulently took the gasoline without compensating him. Defendants denied those allegations and pled that they paid plaintiff's employee for the gasoline; that the employee had apparent authority or implied authority to collect payments for the gasoline; that they are not indebted to plaintiff in any amount; and that any loss suffered by plaintiff was proximately caused by plaintiff's negligence. Defendants also filed a sworn motion for continuance asking that trial of plaintiff's claim against them be continued "until such time as Roy Mitchell fails to

make the restitution that he has been making up to this time." The motion for continuance was denied, and the jury's verdict may be summarized as follows:

### ISSUE NO. 1

The defendants knew or reasonably should have known that the gasoline which they purchased from Roy Mitchell was owned by David L. Taylor.

### ISSUE NO. 2

The defendants believed that Roy Mitchell would retain the proceeds from such sale and convert the same to his own use and benefit.

### ISSUE NO. 3

The value of the gasoline which defendants purchased from Roy Mitchell was $24,978.80.

### ISSUE NO. 4

The purchase of such gasoline by defendants was fraudulently made with intent to harm David L. Taylor.

### ISSUE NO. 5

David L. Taylor should be awarded exemplary damages against S. L. McCrary and wife in the sum of $1,800.

### ISSUE NO. 6

David L. Taylor operated his business in such a manner that he could not discover that Roy Mitchell was selling Taylor's gasoline to S. L. McCrary and wife.

### ISSUE NO. 7

Such operation was negligence.

### ISSUE NO. 8

Such negligence was a proximate cause of the loss sustained by David L. Taylor.

Plaintiff moved for judgment notwithstanding the answers of the jury to Special Issues 6, 7 and 8. Defendants moved for judgment notwithstanding the answers of the jury to Special Issues 1, 2, 3, 4 and 5. Judgment was rendered in favor of plaintiff for the sum of $26,778.80, which is the total of the actual and punitive damages found by the jury without any credit for the restitution which had been paid by Roy Mitchell.

■ *Rowntree v. Rice*, 426 S.W.2d 890 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.) disposes of defendants' reliance on Special Issues 6, 7 and 8. Justice Barrow states:

It is settled that contributory negligence is not a defense to an action based on fraud and that a fraud-feasor cannot excuse his fraudulent acts by asserting that the defrauded person was guilty of contributory negligence. *Southern States Life Ins. Co. v. Newlon*, 398 S.W.2d 622 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.); *Smith v. Bifano*, 330 S.W.2d 473 (Tex.Civ.App.—Waco 1959, writ ref'd n. r. e.); *Schonrock v. Taylor* [212 S.W.2d 260 (Tex.Civ.App.1948 writ ref.)], supra.

In *Isenhower v. Bell*, 365 S.W.2d 354 (Tex.Sup.1963), the Court, in holding that there was no error in refusing to submit an issue as to whether plaintiff "should have known" of the false representation, said: "Where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based upon a plea that the party defrauded might have discovered the truth by the exercise of proper care."

■ The general common law rule is that joint tortfeasors have no right of contribution among themselves. *Wheeler v. Glazer*, 137 Tex. 341, 153 S.W.2d 449 (1941). While there are exceptions to this general rule, none of them appear to be applicable. See 18 C.J.S. Contribution § 11.

■ Article 2212, Tex.Rev.Civ.Stat. Ann. (1971) does not confer any right of contribution upon defendants because the other tortfeasor, Roy Mitchell, was not a party to this lawsuit and is not named in

the judgment. Article 2212a, Tex.Rev.Civ. Stat.Ann. (Supp.1979) applies only to actions based on negligence, and the recovery in this lawsuit is based upon fraud.

Even though defendants are not entitled to contribution from their joint tortfeasor, the question remains as to whether plaintiff's cause of action against them should be deemed to be partially satisfied by the payments which were shown by the undisputed evidence to have been made by the other tortfeasor in connection with his probated sentence.

Chief Justice Hickman stated in *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (Tex.Comm.App.1935, opinion adopted) that:

It is a rule of general acceptation that an injured party is entitled to but one satisfaction for the injuries sustained by him. That rule is in no sense modified by the circumstance that more than one wrongdoer contributed to bring about his injuries. *There being but one injury, there can, in justice, be but one satisfaction for that injury.* (Emphasis added)

Chief Justice Greenhill pointed out in *Palestine Contractors, Inc. v. Perkins*, 386 S.W.2d 764 (Tex.1964) that:

Perkins relies on a number of Texas cases which state the rule that the nonsettling tortfeasor is entitled to credit on the judgment for the amount already paid for the covenant not to sue. *Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563 (1949); *Robertson v. Trammell*, 98 Tex. 364, 83 S.W. 1098 (1904);

. . .

It is undisputed that a plaintiff may sue one of several joint tortfeasors and collect the full damages from him. *Landers v. East Texas Salt Water Disposal Co.*, 151 Tex. 251, 248 S.W.2d 731 (1952).

. . .

Justice Pope wrote the opinion in *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971) where our Supreme Court announced that:

In holding as we do, we preserve the rule that a claimant in no event will be entitled to recover more than the amount required for full satisfaction of his dam-

ages. *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (1935). . . .

Justice Steakley wrote for the Supreme Court in *T. L. James & Co., Inc. v. Statham*, 558 S.W.2d 865 (Tex.1977):

We adhere to the rule stated in *Bradshaw v. Baylor University*, 126 Tex. 99, 84 S.W.2d 703 (1935), and explicitly reaffirmed in *McMillen v. Klingensmith*, 467 S.W.2d 193 (Tex.1971), that a claimant in no event will be entitled to recover more than the amount required for full satisfaction of his damages.

Restatement of the Law, Torts (2nd ed. 1979) § 885(3) states:

A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment.

Based upon the foregoing authorities, we hold that the paragraph of the trial court's judgment of July 11, 1978, which reads as follows:

It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff, David L. Taylor, have judgment over and against the Defendants, S. L. McCrary and Mrs. S. L. McCrary, jointly and severally, in the sum of $26,778.80, together with interest thereon at the rate of nine percent (9%) per annum from the date of judgment until paid, for which let execution issue.

should be modified to give credit for the restitution payments of $4,200 which are shown by the evidence, and that paragraph of the judgment is hereby modified to read as follows:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff, David L. Taylor, have judgment over and against the Defendants, S. L. McCrary and Mrs. S. L. McCrary, jointly and severally, for actual damages in the sum of $20,778.80 and for

exemplary damages in the sum of $1,800.00, together with interest on both sums of money at the rate of nine percent (9%) per annum from July 11, 1978, until paid, for which let execution issue.

Defendants insist that plaintiff made an election of remedies by accepting the restitution payments from Roy Mitchell under the terms of his probationary sentence and that plaintiff is barred by that election from collecting any of his damages from them. We disagree. Election of remedies is a harsh doctrine, and its scope should not be extended. *American Savings and Loan Association of Houston v. Musick*, 531 S.W.2d 581 (Tex.1975). The doctrine is used to prevent double recovery for a single wrong. *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377 (1945).

We have reviewed all of the points of error, and they are overruled. There is evidence to support the jury's answers to Special Issues 1, 2, 3, 4 and 5 when tested under the "no evidence" test of *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974), and the evidence is sufficient to support the answers to those issues when tested under the "sufficiency" test of *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

As modified, the judgment of the trial court is affirmed.