VELMA RELEFORD, A WIDOW, AND NEXT FRIEND TO JAMES FAY AND MARY HELEN RELEFORD, MINORS, V. RESERVE LIFE INSURANCE COMPANY

No. A-5084. Decided March 16, 1955.
(276 S.W. 2d Series 517)

*Harkness & Friedman* and *Harry B. Friedman,* of Texarkana, for petitioners.

*Atchley, Vance & Hubbard* and *James R. Hubbard,* all of *Texarkana,* for respondents.

PER CURIAM

The respondent, suing as next friend for her minor children,

James Fay Releford and Mary Helen Releford, recovered a judgment against respondent for the sum of $760.00, that sum representing a $500.00 benefit under a provision in respondent's insurance policy insuring Floyd Releford, petitioner's husband, against loss of life "resulting from accidental bodily injury," plus statutory penalty and attorney's fees. Floyd Releford was killed by petitioner, who was not named as a beneficiary in the policy, under circumstances detailed in an unpublished opinion of the Court of Civil Appeals.

■ Although the amount in controversy is within the jurisdiction of the County Court, we take jurisdiction of the case because we have concluded that the holding of the Court of Civil Appeals is in conflict with the prior decision of this Court in Hutcherson v. Sovereign Camp, W.O.W., 112 Texas 551, 251 S.W. 491, the two decisions being " 'so far upon the same state of facts that the decision of one case is necessarily conclusive of the decision of the other." Dockum v. Mercury Ins. Co., 134 Texas 437, 135 S.W. 2d 700, 701.

■ In the Hutcherson case this Court said that whether "the assured made an assault upon the beneficiary," or whether "his conduct toward the beneficiary at the time he was killed, coupled with his conduct just prior to such time, was such that he must have known, or at least must have anticipated, that by his conduct toward the beneficiary she would in all probability kill him" was a fact question. In this case the Court of Civil Appeals has held as a matter of law, and in the face of a contrary fact finding by the jury, that the assured was making an unlawful attack upon Velma Releford and has reversed the judgment of the trial court, based on the finding of the jury, and has rendered judgment for the respondent. In this we hold the Court of Civil Appeals erred.

■ In reaching its conclusion the Court seems to have given controlling weight to its finding that "viewed from the standpoint of Velma Releford" the deceased was making an unlawful assault upon her and she was acting "in her own self-defense." As stated in the Hutcherson case, the test of whether the killing is accidental within the terms of an insurance policy is not to be determined from the viewpoint of the one who does the killing, but rather from the viewpoint of the insured. If from his viewpoint his conduct was such that he should have anticipated that in all reasonable probability his wife would kill him, his death was not accidental; if from his viewpoint his conduct was not such as to cause him reasonably to believe

that she would probaly kill him, then his death was accidental. This was the jury question under the facts of this case.

■ Pursuant to the provisions of Rule 483 we reserve the judgment of the Court of Civil Appeals on the application therefor without granting the writ of error, and, because the court had before it other points of error which it did not decide, we remand the case to that court for consideration of the other points.

We note that the Court of Civil Appeals said in its opinion that "the answer of the jury to Issue No. 1 is 'so against the great weight and preponderance of the evidence as to be clearly wrong'," and that "certainly there is not sufficient evidence in this record to support the judgment of the trial court." We have carefully examined the points of error contained in appellant's brief in the Court of Civil Appeals and we find no point challenging the sufficiency of the evidence to support the jury's verdict. The court would have no authority to remand the cause on points of error raising only "no evidence" questions. Hall Music Co. v. Robinson, 117 Texas 261, 1 S.W. 2d 857; Liberty Film Lines v. Porter, 136 Texas 49, 146 S.W. 2d 982.

The judgment of the Court of Civil Appeals is reversed and the cause is remanded to that court for further consideration.

Opinion delivered March 16, 1955.