**LIFE & CASUALTY INSURANCE COM-PANY OF TENNESSEE, Appellant,**

v.

**Norberto MARTINEZ, Appellee.**

**No. 13111.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 13, 1957.

Eskridge, Groce & Hebdon, Frank P. Christian, San Antonio, for appellant.

Chas. T. Haltom, San Antonio, for appellee.

POPE, Justice.

Norberto Martinez, as the beneficiary of his minor son under an accident policy, sued and recovered judgment against insurer, Life & Casualty Insurance Company of Tennessee. Insured was shot and killed by a policeman while insured was fleeing from

the officer, and the trial court held that he died from violent, external and accidental means within the terms of the accident policy. Insurer appealed from the judgment on the point that the trial court's findings show that the court erroneously viewed the shooting from the viewpoint of the policeman rather than from the viewpoint of the insured. There was no jury.

A little after midnight, October 13, 1955, insured and two youthful companions were driving in a vehicle without lights on a San Antonio street. A uniformed patrolman drove by, in a well-identified police car, passed them, then made a U turn to investigate the car. Insured, the driver, sought to escape from the policeman by speeding, and the policeman gave chase. The policeman, on about three occasions, drew parallel with the insured's vehicle but was unable to force it to the curb. After failing to force the car to the curb, and after about eleven blocks of pursuit with the red emergency light on, the policeman fired a warning shot in the air. At some undetermined point between the eleventh and twentieth blocks he fired a second shot, and at the twentieth block he fired the fatal shot into the insured's head. The policeman found insured's two friends down on the floorboard after the fatal shot and after the car came to a stop. One of the boys stated that he had begged insured to stop because the police were shooting. The policeman was shooting with his left hand, and one shot, probably the second one, hit the dashboard.

The court filed two conclusions of law. The first was that the policeman killed insured by firing upon him without justification. The other was that insured's death was not a result of his own voluntary behavior. Insurer objected to the conclusions and requested the court to conclude that insured should have anticipated that if he continued to flee from the police he would in all reasonable probability be killed. The court took no action, either by way of granting or refusing the request.

■ The legal test applied by the trial court, as manifested by the two conclusions, was wrong and at variance with the correct rule. For that reason, and also because the court would not file the additional requested conclusion, we can indulge no presumption in support of the judgment. Burford v. Pounders, 145 Tex. 460, 199 S.W.2d 141.

■ The court's first conclusion is that the policeman was not justified in the shooting. The second conclusion is that the insured did not provoke the shooting. Neither conclusion applied the correct test. Releford v. Reserve Life Insurance Company, 154 Tex. 228, 276 S.W.2d 517; Seaboard Life Ins. Co. v. Murphy, Tex.Civ. App., 111 S.W.2d 1221, affirmed 134 Tex. 165, 132 S.W.2d 393; Occidental Life Ins. Co. v. Holcomb, 5 Cir., 10 F.2d 125; Cory v. Woodman Accident Co., 333 Ill. 175, 164 N.E. 159; accord, Hutcherson v. Sovereign Camp, W.O.W., 112 Tex. 551, 251 S.W. 491, 28 A.L.R. 823; Texas Prudential Ins. Co. v. Turner, Tex.Civ.App., 127 S.W.2d 563. Recently, in the Releford case [154 Tex. 228, 276 S.W.2d 518], the Supreme Court said:

"As stated in the Hutcherson case, the test of whether the killing is accidental within the terms of an insurance policy is not to be determined from the viewpoint of the one who does the killing, but rather from the viewpoint of the insured. If from his viewpoint his conduct was such that he should have anticipated that in all reasonable probability his wife would kill him, his death was not accidental; if from his viewpoint his conduct was not such as to cause him reasonably to believe that she would probably kill him, then his death was accidental."

■ The shooting, as concluded by the court, may not have been legally justifiable, and the decedent's conduct may not have provoked the shooting. Nevertheless, the insured was fleeing, the policeman fired a warning shot, and there was evidence that

his companions warned insured that he would be shot if he did not stop. A fact question was presented, both on weight and credibility, on whether insured, from his viewpoint, should have anticipated that in all reasonable probability the policeman would kill him if he did not stop. The correct test does not appear to have entered into the trial court's findings or conclusions. Because of this error, the cause should be remanded for the determination of the essential facts measured by the correct rule.

The judgment is reversed and the cause remanded.