Kenneth R. BENNETT, Appellant,

v.

HEATH FURNITURE COMPANY
NO. 2, Inc., Appellee.

No. 3965.

Court of Civil Appeals of Texas.

Eastland.

April 16, 1965.

Miller, Sanders & Baker, Amarillo, for appellant.

Joel E. Wright, Amarillo, for appellee.

COLLINGS, Justice.

Kenneth R. Bennett brought suit against Homer King, Thomas E. Garner, The Heath Furniture Company, a corporation, Heath Furniture Company No. 2, Inc. and Heath Furniture Company, Inc., seeking to recover damages for alleged slander libel and malicious prosecution. The court withdrew the case from the jury and rendered judgment against plaintiff and for three of the defendants, and rendered judgment against plaintiff on his claim for slander and libel against Garner and Heath Furniture Company No. 2, Inc. The case was presented to the jury on special issues inquiring about facts relating to plaintiff's cause of action against Garner and Heath Furniture Company No. 2, Inc. for malicious prosecution. Based upon the jury findings, judgment was rendered against Garner for $500.00 actual damages and $1,000.00 exemplary damages. There is no appeal from that part of the judgment. Heath Furniture Company No. 2, Inc. filed a motion for judgment non obstante veredicto which was granted, and from that portion of the judgment Kenneth R. Bennett has appealed.

The record shows that appellant Bennett purchased furniture from appellee Heath Furniture Company No. 2, Inc. on time payment and a dispute arose between appellant and one of appellee's employees concerning the status of the account; that appellant asked Mr. Head, a vice president of appellee company and the manager of the store, for a discount but Mr. Head stated to appellant that he had no authority to discount the contract. Thereafter, Mr. Head instructed Garner, who was office manager and assistant manager of appellee's store, to talk to appellant and his wife and try to "straighten things out." Garner went to appellant's house and some sort of altercation ensued. Garner testified that after he left appellant's house he talked by telephone to Mr. Head to advise with him concerning whether he should file charges against appellant for an assault. Garner stated that he thought he "would go down and file charges;" that Mr. Head told appellant that he couldn't tell him what to do,—that it was up to him and to use his own judgment. Mr. Head testified that Garner told him in the telephone conversation that Bennett had struck him and that he, Garner, wanted to file charges. Head stated that he did not tell Garner to file charges or not to file them. Homer King, credit manager at appellee's main store, stated that he and another employee listened to the telephone conversation on an extension line and that neither Head nor anyone else directed or told Garner what he should do about filing a complaint. About an hour after the telephone conversation Garner did file a complaint charging Bennett with assault and battery. Appellant was arrested on that charge and made bond. Thereafter, the criminal charge was dropped by Garner at the instance and request of Mr. Frank Heath, the president and secretary of appellee corporation.

The jury found in answer to special issue Number 3 that Garner in instituting such criminal proceedings was acting within the scope of his employment with the defendant

Heath Furniture Company No. 2, Inc. In connection with special issue Number 3 the court instructed the jury as follows:

"You are instructed that by the term 'acting within the scope of his employment' is meant acts of every kind and character having to do with and originating in the work, business or trade of the employer, done by an employee while engaged in or about the furtherance of the affairs or business of the employer, whether upon the employer's premises or elsewhere."

As above indicated, the jury answered issue 3 in favor of appellant, but the court entered judgment non obstante veredicto for appellee. Appellant presents one point of error in which it is contended that there was legal and competent evidence to support the findings of the jury and that the court, therefore, erred in sustaining appellee's motion for judgment non obstante veredicto.

■ Appellant correctly urges that for a judgment non obstante veredicto to be upheld it must appear that there is no evidence of probative force in support of the jury finding which is disregarded. In passing upon the question of whether there is any evidence to support a jury finding only that evidence favorable to the verdict may be considered, and the evidence must be viewed in its most favorable light in support of the findings. The jury is the Judge not only of the facts proved but of any reasonable inference to be drawn therefrom. Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Smith v. Bifano, Tex.Civ.App., 330 S.W.2d 473; Cunningham v. Texas Employers' Insurance Association, Tex.Civ.App., 363 S. W.2d 880.

Appellant contends that the evidence shows that Garner was at all times acting at the specific instance and request of A. E. Head, the vice president of appellee corporation, and Garner's immediate superior; that Garner was the office manager and assistant manager of the store where the furniture was purchased and, additionally, was in control and had a free hand in the matter of collections; that after the alleged altercation Garner solicited the advice of Mr. Head before filing the criminal proceedings against appellant and later dropped such charges at the request of appellee's president and secretary Mr. Frank Heath. Appellant urges that these facts show the relative positions of authority of the parties involved, and taken as a whole constitute some evidence in support of the answer to issue 3. Appellant asserts that the evidence is conclusive that Garner was acting in behalf of appellee and within the scope of his authority while he was at appellant's house trying to settle the dispute amicably; that the evidence further shows that after the altercation at appellant's house Garner immediately made a telephone call to Mr. Head at appellee's store; that two other employees listened in on the conversation on extension telephones. Appellant admits that there is some inconsistency as to the nature of the conversation and what Mr. Head told Garner, but points out that the conversation and the motives involved are exclusively in the knowledge of appellee's employees; that under these circumstances the jury could reasonably infer that Mr. Head, appellee's vice president, gave Garner authority to file a complaint and that Garner had authority to act on behalf of appellee; that Garner was so acting when he soon thereafter went to the police department and filed the complaint against appellant. Appellant also points out that there was evidence to the effect that thereafter Mr. Frank Heath, appellee's president, apologized to Bennett for Garner's action, and that a man was sent to the place where Mrs. Bennett was working to apologize to her. Mr. Heath also asked Garner to drop the criminal charges against appellant, Bennett, which was done.

■ In 54 C.J.S. Malicious Prosecution § 64 at page 1032 it is indicated that generally speaking a corporation may be held liable in an action for malicious prosecution based

on the acts of its officers, agents or employees; that where the agent acts within the general scope of his authority in instituting a prosecution, the corporation is liable for the acts of its agent. However, where the acts complained of are not within the scope of the authority or in the course of the employment of the agent, the corporation is not liable therefor, unless expressly authorized or subsequently ratified by the corporation. It is further stated on page 1033 of the text as follows:

"It has been held that employees and subordinate officers of a corporation are without implied authority to apprehend and prosecute persons suspected of crime involving loss to the corporation."

■ In our opinion the fact that Garner was office manager and assistant manager of appellee's store and was in control of and had a free hand in the matter of collections did not give him implied authority as the agent of appellee to institute criminal action. In Genovese v. Butt, Tex.Com.App., 48 S. W.2d 587, where it was held that the manager of a store had no implied authority to cause a customer's arrest for giving a bad check so as to make the owner of the store liable for malicious prosecution, it was stated:

"Conceding that, as manager of the store for Butt, Kelley had implied authority to collect the debt, still such implied authority did not extend to the institution of a criminal prosecution, for the reason that a criminal prosecution is not a customary and proper means of collecting a debt due from one person to another."

If appellee is to be held liable for the act of its employee Garner in instituting criminal action against appellant, Bennett, it must be because Garner was expressly authorized by appellee or unless his action was subsequently ratified. Appellant relies upon the testimony concerning the telephone conversation between Garner and Mr. Head to show that Garner was instructed by Head and, therefore, authorized by appellee to file the criminal proceedings against appellant.

■ If it should be held that Mr. Head, as vice president and manager of appellee's store, had the power and authority to instruct Garner to institute such criminal proceedings, which question we do not pass on, we are nevertheless of the opinion that there was no evidence from which it could be reasonably inferred that Mr. Head did instruct and authorize Garner to file said criminal proceedings against appellant. The only evidence bearing upon the question was the testimony of Head, Garner and two other employees of appellee. All of these witnesses stated that Mr. Head did not instruct or authorize Garner to file a complaint against appellant. Garner testified that he asked Head's advice about filing the complaint and that "He said he couldn't tell me what to do, said it was up to me." Mr. Head stated that he told Garner "I can't tell you what to do, just use your own judgment." It is true as urged by appellant that the conversation between Head and Garner and the motives involved are exclusively in the knowledge of appellee's employees. However, this fact does not constitute evidence of probative force showing that the exact opposite of their testimony is true. Neither does the fact that Mr. Heath, appellee's president, requested and influenced Garner to dismiss the complaint constitute any evidence that Garner's action in filing the complaint was authorized or ratified. The court properly found that there was no support in the evidence for the jury's finding that Garner in instituting the criminal proceedings against appellant was acting in the course of his employment with Heath Furniture Company No. 2, Inc.

The judgment is affirmed.