**Vivian STEVENSON, Appellant,**

v.

**RELIABLE LIFE INSURANCE CO., Appellee.**

No. 14693.

Court of Civil Appeals of Texas.

San Antonio.

May 1, 1968.

Samuel L. Egger, San Antonio, for appellant.

Tom H. King, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a take-nothing summary judgment entered in appellant's suit to recover accidental death benefits under an insurance policy issued by appellee insuring Richard Stevenson, husband of appellant. Insured died on April 22, 1966, from gunshot wounds inflicted upon him by appellant during an altercation.

The policy provides that if insured shall sustain bodily injuries effected solely through violent, external and accidental means, and such bodily injuries directly and independently of all other causes, shall

cause the death of the insured within ninety days from the time such injuries were so sustained, the appellee company will pay to appellant the principal sum of $1,000. Said policy contains an exclusion providing that no benefit shall be payable if the insured's death results from injuries intentionally inflicted upon the insured by himself, while sane, or by any other person other than burglars or robbers.

Appellee's motion for summary judgment, which is supported by the oral deposition of appellant, urges that insured's death was not the result of accidental means and in any event liability is excluded in that he died as the result of appellant's intentional act of shooting him. Appellant did not controvert said motion for summary judgment, but urges the trial court erred in granting the summary judgment in that a fact issue is raised which would support a finding that insured's death was accidental.

■ In Spencer v. Southland Life Insurance Company, 340 S.W.2d 335 (Tex. Civ.App.—Fort Worth, 1960, writ ref'd), the Court defined this type coverage as follows: "Death is produced by, or as the result of accidental means when it is not the natural and probable consequence of the means which produced it, or, stated differently, when death does not ordinarily follow and therefore cannot be reasonably anticipated as the result of the use of such means." See also: Seaboard Life Ins. Co. v. Murphy, 134 Tex. 165, 132 S.W.2d 393 (1939); Perry v. Aetna Life Ins. Co., 380 S.W.2d 868 (Tex.Civ. App.—Tyler 1964, writ ref'd n. r. e.). The test of whether a killing is accidental within the terms of an insurance policy is not to be determined from the viewpoint of the one who does the killing, but rather from the viewpoint of the insured. Releford v. Reserve Life Ins. Co., 154 Tex.

228, 276 S.W.2d 517 (1953); Spencer v. Southland Life Insurance Co., supra.

The altercation in which Richard Stevenson lost his life took place about 5:00 p. m. at the home of appellant's sister as a climax to several hours of beer drinking by about eight adults. The original argument started between appellant's mother and insured's brother, but later included appellant and her husband. After an exchange of opprobrious epithets, Richard knocked his wife down, pulled up a mail box which was attached to a two-by-four board and started to hit her with the board. Appellant's nephew intervened and was struck the blow intended for her. This allowed appellant the opportunity of regaining her feet and pulling a pistol from her bosom. Richard dropped the mail box when the gun was pointed at him and started after appellant. Despite her repeated verbal warnings, he continued to advance on her while she fired seven shots with the pistol, one striking him in the shoulder and the other in the mouth. Insured was dead on arrival at the hospital.

These facts are very similar to those presented in Perry v. Aetna Life Ins. Co., supra, wherein the insured was shot by his wife while breaking into the house she occupied despite her warnings that she would shoot him if he continued. It was held that from the viewpoint of insured, under the conditions that existed, a reasonably prudent man would have known that she would shoot him if he continued his conduct. Therefore, his death was not sustained solely through accidental means and a take-nothing judgment was affirmed.

In Spencer v. Southland Life Ins. Co., supra, a take-nothing summary judgment was affirmed where insured was shot by a police officer. The police officer had

stopped insured after a high speed chase and had directed insured and his nephew to enter the police car. Instead of complying with this direction, appellant reached for an unloaded shotgun in the back of the pick-up and pointed it at the officer. Insured was fatally shot by the officer after he refused to put down the shotgun. The officer said that he was trying to shoot the shotgun out of insured's hands. It was held that the insured ought to have reasonably anticipated that the police officer would offer armed resistance to the menace of a shotgun pointed at him, and he must have known that there was a strong probability of his suffering bodily injury at the hands of the officer. Insured deliberately took the chance of getting killed. Since any reasonable person should have foreseen the result, insured's death did not result from accidental bodily injuries. See also Texas Prudential Ins. Co. v. Turner, 127 S.W.2d 563 (Tex.Civ.App.—Beaumont 1939, writ dism'd).

Appellant seeks to distinguish these holdings by her testimony that since insured had beaten her up on about six other occasions and she had never pulled a gun on him, insured had no reason to anticipate that she would do so on this occasion. She testified that she had owned the gun for several years, but, unknown to her husband, it was concealed in her bosom on this occasion because she was going to hock it that day. It is seen that insured continued to advance upon her after she pointed the gun at him and repeatedly warned him not to continue his advance. Certainly, this record fully supports her own conclusion that she shot him in self defense.

The uncontradicted record establishes that insured deliberately took the chance of getting killed by continuing to advance in a threatening manner towards the muzzle of a pointed pistol even after warning shots were fired. From his viewpoint, he should have reasonably anticipated that appellant would shoot him if he continued to advance on her. His death did not result from accidental bodily injuries as defined in said policy and the trial court properly granted appellee's motion for summary judgment.

Appellee has not briefed the second point urged in its motion for summary judgment, that recovery is excluded for death of insured in that the injuries were intentionally inflicted upon the insured by appellant. It would appear, however, that appellant's testimony that she fired seven shots at insured from a deadly weapon in self defense would bar a fact issue as to whether the injuries were intentionally inflicted.

The judgment is affirmed.