**Clodus B. WRIGHT, Appellant,**

v.

**The WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, Appellee.**

**No. 4305.**

Court of Civil Appeals of Texas.

Eastland.

May 30, 1969.

Leffingwell & Chitwood, Paul J. Chitwood, Dallas, for appellant.

Thompson, Knight, Simmons & Bullion, George C. Chapman, Dallas, for appellee.

GRISSOM, Chief Justice.

Clodus B. Wright sued The Western and Southern Life Insurance Company to recover on its policy the amount payable for loss of a foot. Under the terms of that contract the company agreed to pay $5,000.00 for loss of a foot "solely as a result of accidental bodily injury sustained or disease contracted while this policy is in

force." The Company answered that Wright did not lose his foot as the result of an accidental bodily injury sustained or disease contracted while the policy was in force; that he was shot while robbing the Brook Hollow Country Club and his conduct was such that he should have anticipated that, in all reasonable probability, some one would shoot him and, in all reasonable probability, he would sustain bodily injury.

It was stipulated that the policy was in effect when Wright's leg was surgically removed; that removal was necessitated by gangrene, which was caused by being shot while he was engaged in said robbery; that when Wright was shot his conduct was such that he should have anticipated that, in all reasonable probability, he would get shot and, in all reasonable probability, he would sustain bodily injury; that as a consequence of committing robbery he was shot and, as a result of getting shot, he contracted gangrene in his leg necessitating its removal and that Wright was convicted of robbery and is now in the penitentiary. It was further agreed that the shot injured plaintiff's arteries and blood vessels, reducing the circulation of blood to his right leg; that Wright contracted gangrene as a result of such reduced circulation; that gangrene would not have been contracted but for the gunshot wound and that, if plaintiff had not contracted gangrene, removal of his leg would not have been necessary. It was also agreed that, appellant being in the penitentiary, the case would be tried "under the stipulations and pleadings on file." Both parties moved for a summary judgment. The insurance company's motion was sustained and judgment was rendered that plaintiff take nothing. Wright has appealed.

Wright contends the court erred in sustaining the company's motion and rendering judgment for it because the policy provided that it would pay him for loss of a foot "solely as a result of accidental bodily injury or disease" and, since it was stipulated that Wright's leg was surgically removed because of gangrene and that if he had not contracted gangrene removal would not have been necessary, that all conditions prerequisite to recovery were satisfied. Appellant says he relies on the contract, as written, and under its provisions and the facts stipulated, he was, as a matter of law, entitled to recover; that the policy does not exclude recovery for loss as a result of gangrene, nor as a result of a disease contracted by reason of an injury of any kind; that there is no exception to his right to recovery as the result of a disease contracted by reason of an injury suffered while he was committing robbery. He says that, under the stipulations, it is established that he lost a foot as a result of a disease contracted while the policy was in effect, citing International Brotherhood of Boiler Makers et al. v. Rodriquez, 193 S.W. 2d 835 (ref. n. r. e.). There, the policy insured against loss of the sight of an eye as the result of accident or disease. Plaintiff lost the sight of an eye as the result of a disease, however, the injury that caused the disease occurred prior to issuance of the policy. There was no exclusion from coverage because of the existence of disease prior to the time insured became a member and there was no exception of disease caused by accident. Appellant says that said decision is applicable here and distinguishes those accident cases where a plaintiff was insured against injury or death caused exclusively by accident. He reasons that under such a policy the disease is treated as an independent intervening cause of the loss, the cause of it being contracted being immaterial. Appellant concludes that, under the stipulations, there was no issue of fact and a summary judgment should have been rendered for him, not against him. He argues that loss of his foot was solely caused by gangrene; that gangrene was the result of an antecedent injury; that the policy did not exclude loss by reason of a disease which was itself caused by an antecedent injury and therefore he is entitled to recover. He says the contract does not proscribe recovery because of his misconduct. Ap-

pellant concludes that he established or, at least, raised fact issues that he lost a foot as a result of contracting the disease of gangrene while the policy was in force.

The Insurance Company says there was no agreement that all relevant facts were included in the stipulation, but it was agreed the court would render judgment upon what plaintiff "brought before it." It says appellant has failed to prove, or raise a fact issue, that loss of his foot was caused "solely as a result of—disease", as required by the policy; that the policy limited coverage to loss sustained solely as a result of disease and under our Supreme Court's decision in Mutual Benefit Health & Accident Association v. Hudman, 398 S.W.2d 110, he cannot recover. In the Hudman case the court said:

" 'Independently' means 'solely', 'only', 'standing alone'—

The logical meaning of the policy terms limits the coverage to accidental bodily injuries which are the sole cause of death— * * * The idea that one factor is independently a cause leaves no room for the idea that it yet may be dependently caused. An independent cause does not mean that it is a joint, contributing or concurring cause."

Appellee, in support of said contention, also cites Zorn v. Aetna Life Insurance Company, 260 F.Supp. 730, affirmed 368 F.2d 1013; Lancon v. Employers National Life Insurance Company, Tex.Civ.App., 424 S.W.2d 321, 323, (ref. n. r. e.); Great American Health and Life Insurance Company v. Lothringer, Tex.Civ.App., 422 S.W.2d 543, 548, (ref. n. r. e.) and Combined American Insurance Co. v. Jordan, Tex.Civ. App., 403 S.W.2d 811, (ref. n. r. e.).

■ Gangrene was not a new and independent cause of the loss of appellant's foot. Compton v. American Airlines, Inc., Tex.Civ.App., 348 S.W.2d 427, 432. Under the stipulations, appellant would not have had gangrene but for the gunshot wound and gangrene was the result of being shot and was not itself, a new and independent cause of the loss.

■■ The sole proximate cause of appellant's loss was not an accidental injury. When one should, in all reasonable probability, expect an event to result from his voluntary conduct the happening of that event is not an accident. In Releford v. Reserve Life Insurance Company, 154 Tex. 228, 276 S.W.2d 517, our Supreme Court said:

"As stated in the Hutcherson case, [Hutcherson v. Sovereign Camp, W.O.W., 112 Tex. 551, 251 S.W. 491], the test of whether the killing is accidental within the terms of an insurance policy is not to be determined from the viewpoint of the one who does the killing, but rather from the viewpoint of the insured. If from his viewpoint his conduct was such that he should have anticipated that in all reasonable probability his wife would kill him, his death was not accidental—."

Under the agreed facts, appellant should have anticipated that, in all reasonable probability, he would be shot and injured while robbing the club, therefore his injury was not accidental. We further conclude that under the stipulated facts the gunshot wound was a proximate cause of gangrene and that as a matter of law said "disease" was not the sole proximate cause of the loss of appellant's foot. 32 Tex. Law Rev. 245; 45 C.J.S. Insurance §§ 753, 756, pp. 779, 785; Tix v. Employers Casualty Company, 368 S.W.2d 105, 110; Lenger v. Physician's General Hospital, Tex.Civ. App., 438 S.W.2d 408, 412 and American National Insurance Company v. Garrison, 97 S.W.2d 534 (writ dis.); 40 Tex.Jur.2d p. 471; 26 A.L.R.2d pp. 402, 405.

The judgment is affirmed.