Johnnie E. RITCHIE et al., Appellants,

v.

JOHN HANCOCK MUTUAL LIFE INSUR-
ANCE COMPANY, Appellee.

No. 5415.

Court of Civil Appeals of Texas,
Waco.

March 20, 1975.

Rehearing Denied April 17, 1975.

Randy Taylor, Dallas, for appellants.

Golden, Potts, Boeckman & Wilson, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment that plaintiffs take nothing, in a suit on an insurance policy, for medical benefits, allegedly caused by an accidental injury.

Plaintiffs Ritchie, stepfather and mother of Douglas Robinson, sued defendant Insurance Company on an insurance policy, for medical benefits incurred by Robinson as a result of gunshot wounds.

Defendant answered that the policy did not cover the expenses sued for because such were incurred by Robinson as a result of an injury which was not accidental.

Defendant moved for summary judgment that plaintiffs take nothing asserting the expenses for which plaintiffs sued were incurred as the result of an injury which was not accidental, and therefore not covered by the policy.

The trial court granted such motion and rendered summary judgment that plaintiffs take nothing.

Plaintiffs appeal on 4 points contending the trial court erred in rendering summary judgment in that the record raised an issue of fact as to whether or not the injuries sustained by Douglas Robinson were from his viewpoint accidental.

The insurance policy insured Robinson for medical expenses incurred as the result of accidental injury. On the night of August 12, 1972 Douglas Robinson, sustained injuries as a result of a gunshot wound, after the commission of a crime, to which he later plead guilty.

During the night of August 12, 1972 Robinson and another broke into a truck owned by and located at the Arcadia Transfer and Storage Company. Robinson was standing beside the truck and his friend was inside when Richard Thomas yelled at them "Get out in the open, I have a gun". Robinson and his friend began running away whereupon Thomas began shooting. After several shots were fired Robinson was struck by a bullet.

■ Plaintiffs can recover only if the injuries sustained by Robinson were accidental. Injuries are accidental when they cannot reasonably be anticipated as the result of the actions of the person injured. Spencer v. Southland Life Ins. Co., CCA, Ft. Worth, Er. Refused, 340 S.W.2d 335.

Conversely, when one should in all reasonable probability, expect events to result from his voluntary conduct, happening of such event is not an accident. Wright v. Western and Southern Life Ins. Co., CCA, (Eastland) NWH, 443 S.W.2d 790.

■ The test of whether injuries should have been reasonably anticipated is to be determined from the standpoint of the injured person and no one else. Releford v. Reserve Life Ins. Co., S.Ct., 276 S.W.2d 517.

■ Robinson was voluntarily engaged in the commission of a crime at night. He was caught committing the crime, and then expressly warned "Get out in the open, I have a gun." Any reasonable person under the undisputed factual situation here, who in the face of such express warning, turned and ran, should reasonably anticipate that he would be shot. Thus his injuries upon being shot are not accidental. Spencer v. Southland Life Ins. Co., supra; Wright v. Western and Southern Life Ins. Co., supra; Wallace v. Connecticut Gen. Life Ins. Co., 5th Cir., 477 F.2d 680; 43 A.L.R.3rd p. 712 et seq.

Plaintiffs' points are overruled.

Affirmed.