Ruthie Lee GUILLORY, Appellant,

v.

AETNA LIFE INSURANCE
COMPANY, Appellee.

No. 7858.

Court of Civil Appeals of Texas,
Beaumont.

Sept. 23, 1976.

Rehearing Denied Oct. 21, 1976.

George Michael Jamail, Beaumont, for appellant.

Dale Dowell, Richard N. Evans, Beaumont, for appellee.

DIES, Chief Justice.

In 1968 appellant Ruthie Lee Guillory began living with Oren Guillory, in the latter's home in Beaumont. They had two children. In March 1974, after a beating by Oren, Ruthie Lee Guillory moved to a rent house in another part of the city. It was dangerous to go out at night in this section. On June 28, 1974, between 2 a. m. and 3 a. m. Ruthie Lee Guillory heard a noise on the back porch and saw the back door being opened. Oren had been by a few hours before then, but they talked through the window. She says she challenged the intruder and getting no answer she fired a revolver several times at him. He had an arm raised above his head. After the shots, he backed off. Ruthie Lee Guillory ran to a neighbor's house to phone the police, telling them she thought she had shot an intruder. When they arrived they found Oren Guillory dead near Ruthie Lee Guillory's abode. The police found a stick (like a broom stick) near the body. They (the police) testified Ruthie Lee Guillory told them she knew the intruder was Oren Guillory before she shot and that he had said he had come for their two children.

Oren Guillory had a policy with Aetna Life Insurance Company, appellee, which named Ruthie Lee Guillory as beneficiary. The policy provided:

"If an employee suffers a non-occupational bodily injury caused by an accident and as a direct result of such injury and, to the exclusion of all other causes, sustains. . . . " etc.

Ruthie Lee Guillory sued Aetna contending Oren's death was accidental. In a trial to a jury she received favorable findings after which the trial court granted judgment non obstante veredicto for Aetna, from which Ruthie Guillory perfects this appeal.*

For a judgment non obstante veredicto to be upheld, it must appear that there is no evidence of probative force in support of the jury finding which is disregarded. *Bennett v. Heath Furniture Company*, 390 S.W.2d 505 (Tex.Civ.App.—Eastland 1965, no writ); *Missouri-Kansas-Texas RR. Co. v. Shelton*, 383 S.W.2d 842 (Tex.Civ. App.—Dallas 1964, writ ref'd n. r. e.); *Shelton v. Ector*, 364 S.W.2d 425 (Tex.Civ.App. —Dallas 1963, no writ).

As recently as April 1976, the Texas Supreme Court in *Republic National Life Insurance Company v. Heyward*, Tex., 536 S.W.2d 549, approved the "Hutcherson test" [*Hutcherson v. Sovereigh Camp W. O. W.*, 112 Tex. 551, 251 S.W. 491 (1923)] saying, "the test of whether the killing is accidental within the terms of an insurance policy is not to be determined from the viewpoint of the one who does the killing, but rather from the viewpoint of the insured."

If his conduct was such that he should not have anticipated what happened, his death was accidental; otherwise, it was not. See also, *Releford v. Reserve Life Insurance Company*, 154 Tex. 228, 276 S.W.2d 517 (1955); 49 A.L.R.3d 673, 679 (1973) and the many authorities cited.

Oren Guillory knew Ruthie Lee Guillory and their two children were living alone in a tough neighborhood. When he attempted to force his way in the back door of the house at 2 or 3 a. m. in the morning, he should have reasonably anticipated that Ruthie Lee Guillory might react as she did.

* In Special Issue No. 1 the jury found that Oren Guillory suffered a bodily injury caused by an accident. The definition accompanying the issue was: "An injury is accidental only when it cannot reasonably be anticipated as the result of the actions of the person injured. Conversely, when one should in all reasonable probability expect events to result from his voluntary conduct, the happening of such event is not an accident."

Whether an injury should have been reasonably anticipated is to be determined from the standpoint of the injured person and no one else. The jury in answer to S.I. No. 2 answered, "We do not" to the inquiry if Ruthie Lee Guillory willfully killed Oren Guillory.

Hence, under the "Hutcherson" test his death was not accidental. The judgment of the trial court is affirmed.

AFFIRMED.

STEPHENSON, J., not participating.

KEITH, Justice (concurring).

I join in the affirmation of the judgment of the trial court.