**Billie Darlene FREEMAN, Appellant,**

v.

**CROWN LIFE INSURANCE COMPANY, Appellee.**

**No. 8642.**

Court of Civil Appeals of Texas, Texarkana.

April 10, 1979.

Rehearing Denied May 8, 1979.

---

James J. Hultgren, Richard K. Berger, Hultgren, Jewell & Kolb, Dallas, for appellant.

T. Michael Wilson, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellee.

CORNELIUS, Chief Justice.

Our task in this appeal is to decide whether the death of a person who is killed in an automobile collision while driving under the influence of intoxicating liquor is accidental within the meaning of a group life insurance policy insuring that person against accidental death.

The case was submitted to the district court on an agreed statement which stipulated these pertinent facts: Jackie W. Freeman was an employee of Affiliated Food Stores, Inc. At the time of his death there was in effect a group life insurance policy issued by appellee covering Affiliated's employees. The policy provided life insurance benefits of $15,000.00 for Mr. Freeman, together with an additional $15,000.00 if he should die from accidental bodily injury. On the night of August 14, 1976, Mr. Freeman consumed alcoholic beverages at a lounge in Dallas. At about 1:45 a. m. he left the lounge and drove his pickup truck on North Masters Drive, a public street in Dallas. At or near the 2400 block of that street, his pickup collided with a parked tractor/truck. He sustained internal injuries in the collision which were, independent of all other sources, the direct cause of his death. At the time of the collision Mr. Freeman was intoxicated, his blood alcohol content being between .188% and .207%. The insurance policy did not contain any exclusion denying coverage either in the event the insured was intoxicated, or in the event he was engaged in an unlawful act.

Appellee paid the standard life insurance benefits to Mrs. Freeman, but refused to pay the accidental death benefit on the sole ground that Mr. Freeman's voluntary act in driving while intoxicated rendered his death non-accidental. The district court agreed and denied Mrs. Freeman's claim for the accidental death benefits.

The insurance policy provided that:

"If an employee while insured for this benefit sustains any accidental bodily injury which, independent of all other causes, is the direct cause of any loss shown in the Schedule of Losses and Benefits, . . Crown Life will pay, subject to the provisions of this policy, the amount provided for such loss . . . .".

Neither "accident" nor "accidental bodily injury" is defined in the insurance policy.

■ In a suit to recover accidental death benefits provided by an insurance policy, proof that the insured died by violent and external means raises a presumption that the death was accidental. *Republic Nat. Life Ins. Co. v. Heyward*, 536 S.W.2d 549 (Tex.1976); *Prudential Insurance Company of America v. Krayer*, 366 S.W.2d 779 (Tex. 1963); *Georgia Casualty Co. v. Shaw*, 197 S.W. 316 (Tex.Civ.App.Galveston 1917, writ dism'd); 46 C.J.S. Insurance § 1317, p. 407; Annot., 12 A.L.R.2d 1264. The insurer then has the obligation to produce evidence to show otherwise. *Home Benefit Ass'n. v. Briggs*, 61 S.W.2d 867 (Tex.Civ.App.Waco 1933, no writ); 46 C.J.S. Insurance, § 1317, p. 409. If rebutted, the presumption passes out of the case and does not constitute evidence. Unrebutted, however, it constitutes prima facie proof that the death was an accident so as to bring the case within the coverage of the policy. *Prudential Insurance Company of America v. Krayer*, supra; 46 C.J.S. Insurance § 1317, p. 409.

The only evidence upon which appellee relies to rebut the presumption that Mr. Freeman's death was accidental is the stipulation that at the time of the collision he was driving while intoxicated. It is contended that because such an act is a criminal act inherently involving substantial risk of harm, serious bodily injury and death are the readily foreseeable consequences of such conduct and are therefore not accidental within the contemplation of the insurance policy. To support its contention appellee relies upon *Hobbs v. Provident Life & Accident Insurance Company*, 535 S.W.2d 864 (Tenn.App.1975), which held that the danger inherent in driving while intoxicated is so foreseeable that the death of a person while engaged in such conduct is not accidental within the meaning of an insurance policy. The majority rule is otherwise, however, and we agree with Professor Appleman's work [1] which states:

"The contrary result is of course the better one. While drunken driving is dangerous (and should be prevented) the public still regards such an accident as 'accidental'. To rule to the contrary is to deny the terminology the ordinary meaning given by the public. . . ."

---

1. 1A Appleman, Insurance Law and Practice, § 467, n. 76.25 (Supp.1978).

For cases following the majority rule see: *Miller v. American Casualty Company of Reading, Pa.*, 377 F.2d 479 (6th Cir. 1967); *Mozingo v. Mid-South Ins. Co.*, 29 N.C.App. 352, 224 S.E.2d 208 (1976); *Union Central Life Insurance Company v. Cofer*, 103 Ga. App. 355, 119 S.E.2d 281 (1961); *Stats v. Mutual of Omaha Insurance Co.*, 73 D.L. R.3rd 324 (Ontario Ct.App.1976). See also, 1A Appleman, Insurance Law and Practice, § 467 (Supp.1978), and compare *Sivley v. American National Insurance Company*, 454 S.W.2d 799 (Tex.Civ.App.Amarillo 1970, writ ref'd n. r. e.). *Mozingo v. Mid-South Ins. Co.*, supra, is especially close on the facts with the present case.

■■■ The exact question has not been decided in Texas, but from analogous cases involving the general question of whether an insured's voluntary conduct renders a death non-accidental, we have been able to distill what we consider is and should be the rule in a case of this type. The mere fact that a person's death may have occurred because of his negligence, even gross negligence, does not prevent that death from being an accident within the meaning of an accident insurance policy. It is only when the consequences of the act are so natural and probable as to be expected by any reasonable person that it can be said that the victim, in effect, intended the result and it was therefore not accidental. We think that is what our Supreme Court meant when it said in *Hutcherson v. Sovereign Camp, W.O.W.*, 112 Tex. 551, 251 S.W. 491 (1923), that if the insured must have known or anticipated that his conduct *would in all probability bring about his own death*, the occurrence was not an accident. See also *Releford v. Reserve Life Insurance Company*, 154 Tex. 228, 276 S.W.2d 517 (1955). More is required than a simple showing that the insured could have reasonably foreseen that injury or death might result. As Justice Doughty said in *Republic Nat. Life Ins. Co. v. Heyward*, supra, the insured must have acted in such a way that he should have reasonably *known* his actions would *probably result in his death*. Unquestionably, driving while intoxicated is a serious violation of the law and an ex-

tremely dangerous act, but we do not believe it is such an act that one who commits it can be said to reasonably know that it will probably bring about his own death. Compare *Great American Reserve Insurance Co. v. Sumner*, 464 S.W.2d 212 (Tex. Civ.App.Tyler 1971, writ ref'd n. r. e.). As the court in *Stats v. Mutual of Omaha Insurance Co.*, supra, said in discussing the trial judge's erroneous conclusion that the insured's death while intoxicated was not accidental:

> "There is every justification for his description of her conduct as dangerous and grossly negligent and for his view that, in terms of the foreseeability of the reasonable man, she was greatly at fault. This is far different from finding that the insured actually and voluntarily 'looked for' or 'courted' the risk of the collision that killed her. 27 . . Accordingly, . . . the collision must be regarded as an accident and her death as resulting from 'accidental bodily injuries' within the meaning of the policy."

Appellee also relies upon a line of decisions from Texas and other jurisdictions which hold that the deaths or injuries of persons which occur while such persons are engaged in the commission of serious crimes are not accidental within the meaning of insurance policies. See *Ritchie v. John Hancock Mutual Life Insurance Co.*, 521 S.W.2d 367 (Tex.Civ.App.Waco 1975, no writ); *Spencer v. Southland Life Insurance Company*, 340 S.W.2d 335 (Tex.Civ.App. Fort Worth 1960, writ ref'd); *Wright v. Western and Southern Life Insurance Co.*, 443 S.W.2d 790 (Tex.Civ.App.Eastland 1969, no writ); *Guillory v. Aetna Life Ins. Co.*, 541 S.W.2d 883 (Tex.Civ.App.Beaumont 1976, writ ref'd n. r. e.); *Carlyle v. Equity Benefit Life Ins. Co.*, Okl.App., 551 P.2d 663 (1976); *DeMello v. John Hancock Mut. Life Ins. Co.*, 281 Mass. 190, 183 N.E. 255 (1932). We have no difficulty harmonizing those cases with the rule we have announced here. Each of them involved conduct on the part of the insured which, under all the circumstances, would probably produce his death. Some of the terms and phrases used

in those cases are revealing, viz., that the insured's death was "imminent and foreseeable," and that his conduct was such that death was "invited" or "expected." Thus, it is not the illegality of the act but the inevitability of the result which renders that result nonaccidental. Compare *Kentucky Central Life Insurance Company v. Marvin D. Fannin*, Docket No. 8952 (Tex. Civ.App.Amarillo, November 30, 1978) (unreported); *Sivley v. American National Insurance Company*, supra; and, *Great American Reserve Insurance Co. v. Sumner*, supra.

Upon public policy considerations, some courts have denied recovery of accidental death benefits where the insured was killed while in the commission of a serious crime, on the grounds that such a recovery would allow one to profit from his own wrong and would encourage crime. See Annot., 43 A.L.R.3d 1120; 1125, Sec. 3. But the weight of authority and the trend of recent decisions is to allow an innocent beneficiary to recover unless the policy was obtained in contemplation of the illegal conduct. *Ibid*, Sec. 4, p. 1126, et seq. See also *Stats v. Mutual of Omaha Insurance Co.*, supra. Such a result does not violate the policy consideration first stated, because the beneficiary has been guilty of no wrongdoing. The second consideration is not valid, for as observed in *Home State Life Ins. Co. v. Russell*, 175 Okl. 492, 53 P.2d 562 (1936), it is unrealistic, to say the least, to assume that any significant number of policy holders would go out and seek death in unlawful pursuits in order to mature their policies.

■ Another rule reinforces our decision. An insurance policy is to be construed strictly against the insurer and its terms are to be given the normal and usual meaning ascribed to them by ordinary persons. *Republic Nat. Life Ins. Co. v. Heyward*, supra; *Guardian Life Insurance Co. of America v. Scott*, 405 S.W.2d 64 (Tex. 1966); *United States Ins. Co. of Waco v. Boyer*, 153 Tex. 415, 269 S.W.2d 340 (1954); *Davis v. National Casualty Co.*, 142 Tex. 29, 175 S.W.2d 957 (1943); 32 Tex.Jur.2d Insurance,

Sec. 58, p. 117; Sec. 60, p. 121. There is no doubt that the ordinary person who is insured by an accident insurance policy would consider his death in an automobile collision accidental even though at the time of the collision he may be intoxicated or otherwise negligent. If the appellee desired to exclude from coverage any death occurring in such circumstances, it could have easily done so by inserting in the policy an appropriate exclusion.

■ There is yet another reason why judgment should not have gone to the insurer. There is no proof or stipulation that Mr. Freeman's intoxication had any causal relation to his death. For all the proof shows, his intoxication may not have contributed whatever to the collision. There may have been a steering failure, a blowout, or any number of other occurrences which caused the tragedy. Even as to policies containing express exclusions of benefits when the insured is intoxicated, a causal relation between the intoxication and the death must be shown in order to deny coverage. *Harris v. Carolina Life Insurance Company*, Fla., 233 So.2d 833 (1970); *Ingle v. Sovereign Camp, Woodmen of the World*, 204 Mo.App. 597, 216 S.W. 787 (1918). As noted earlier, the agreed statement of facts proved, prima facie, that Mr. Freeman died as the result of an accident. The burden then fell upon appellee to show that his death was not an accident. Even if we were to hold that the act of driving while intoxicated took the resulting death out of the realm of accident, the appellee has not produced any evidence to show that such intoxication did, in fact, cause or contribute to the death.

For the reasons stated we conclude that the agreed facts showed, prima facie, that Jackie W. Freeman's death was caused by accidental bodily injury within the meaning of the insurance policy in question. Therefore, the judgment of the district court denying recovery under the accidental death benefit provisions of the policy was erroneous.

The judgment is reversed and judgment is here rendered awarding appellant, Mrs.

Billie Darlene Freeman, the sum of $15,000.00, plus interest at the rate of 6% per annum from August 15, 1976, to February 16, 1978,[2] plus $1,800.00 as statutory penalty,[3] with the attorney's fees as found by the judgment below together with interest on the total recovery at the rate of 9% per annum from February 16, 1978, until paid.[4]

**2.** Tex.Rev.Civ.Stat.Ann. art. 5069–1.03; *Combined Insurance Co. of America v. Kennedy,* 495 S.W.2d 306 (Tex.Civ.App.Eastland 1973, writ ref'd n. r. e.); *Duffer v. American Home Assurance Company,* 512 F.2d 793 (5th Cir. 1975).

**3.** Tex.Ins.Code Ann. art. 3.62.

**4.** Tex.Rev.Civ.Stat.Ann. art. 5069–1.05; *Nederlandsch-Amerikaansche Etc. v. Vassallo,* 365 S.W.2d 650 (Tex.Civ.App.Houston 1963, writ ref'd n. r. e.); *Givens v. Missouri-Kansas-Texas R. Co. of Texas,* 196 F.2d 905 (5th Cir. 1952).