**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellant,**

v.

**Jerry BROCK, et al., Appellees.**

**No. 07–82–0086–CV.**

Court of Appeals of Texas, Amarillo.

Oct. 13, 1983.

Rehearing Denied Oct. 31, 1983.

Crenshaw, Dupree & Milam, James L. Killion, Lubbock, for appellant.

Phelan, Moreland & Phelan, Harold Phelan, Levelland, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

BOYD, Justice.

Appellant Southern Farm Bureau Casualty Insurance Company brings this appeal from a judgment against it in favor of appellees Jerry Brock and Kirk Brock. The judgment imposes liability on appellant for direct and accidental loss benefits provided in an automobile collision insurance policy issued by it. For reasons hereinafter expressed, we reverse the judgment of the trial court and render judgment in favor of appellant.

Although appellant raises nine points of asserted error, the sixth point is dispositive of this appeal, and discussion of the remainder of its points is unnecessary. In that point appellant argues error in the overruling of his motion for judgment non obstante verdicto since the evidence proved conclusively that the collision in question and the resulting damage to appellee's vehicle was a result of the direct and intentional act or acts of Kirk Brock.

Appellant insured the 1979 Ford pickup belonging to Kirk Brock under an insurance policy owned by his father, Jerry Brock. The policy in para materia reads as follows:

COVERAGE H—COLLISION

To pay for loss caused by collision to the owned automobile or to non-owned automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto.

DEFINITIONS

"[l]oss" means direct and accidental loss of or damage to (a) the automobile, including its equipment, or (b) other insured properties;

The policy does not define "accidental" loss or damage.

The relevant evidence is undisputed. On August 10, 1980, Kirk Brock was involved in a collision in Levelland, Hockley County, Texas, with a vehicle that was owned and

occupied by Randall Hawkins. Before the collision, Hawkins, in his pickup, followed Brock and pulled up beside him at a stop sign. He "hollered" at Brock, proceeded down the street, "spun" off, went a couple of blocks and parked in a parking lot adjacent to the city street. In that lot was a third vehicle occupied by Brock's sister Kristy, and Chuck Evans. As Brock drove by, he saw a shotgun projecting out of Hawkin's side window and pointing towards the vehicle in which Kristy and Chuck Evans were seated.

The Brock pickup took a straight and direct path from the street into the driver's door of the Hawkins vehicle. Kirk testified that "I drove right into him" to "prevent someone getting shot, like my sister." He subsequently testified as follows:

Q. Sitting here today you know that you deliberately ran into that vehicle, is that right?

A. Right. I had to hit him because I did.

Q. And did you accomplish your purpose by ramming the vehicle, the Hawkins' vehicle?

A. I did. I sure did.

Under cross-examination Kirk testified he did not deny he "deliberately rammed" the Hawkins' pickup and did it to "foil this incident regarding Mr. Hawkins." Indeed, although appellees emphasize it was done to prevent "the impending tragedy," they candidly admit Kirk directed his vehicle into that of Hawkins and intentionally did not apply his brakes, thereby permitting his vehicle to collide with Hawkins.

In *Republic Nat. Life Ins. Co. v. Heyward,* 536 S.W.2d 549, 557 (Tex.1976), the Supreme Court held injuries were "accidental" and within the coverage of an insurance policy if,

from the viewpoint of the insured, the injuries are not the natural and probable consequence of the action or occurrence which produced the injury; or in other words, if the injury could not reasonably be anticipated by insured, or would not ordinarily follow from the action or occurrence which caused the injury.

Although that case involved a suit to recover benefits under an accidental death rider to a group life insurance policy, we think the question involved, i.e. what constitutes an "accidental" loss or damage, is sufficiently analogous to apply that test in this case.

While recognizing the applicability of the above test, appellees, in considering its application to the facts existent in this case, argue that the act of Hawkins could not reasonably have been foreseen by Kirk and that it was the event which triggered Kirk's reactions. Reasoning from that premise, they urge Kirk's actions and the resulting damages were a direct consequence of that unforeseeable event, since what he did was necessary to forestall an "attempt to murder Kristy Brock." They assert, had Kirk been acting to defend himself from an unprovoked and unexpected assault, coverage would have existed under the policy. They further contend since in criminal law a person may avail himself of the defense of a third person, exactly as if he were defending himself, a similar rule should apply here and Kirk's actions be considered as if he was defending himself. We do not agree with appellee's contention.

Initially, we observe the right of defense of a third party in a criminal case is of statutory origin. *See* Tex.Penal Code Ann. § 9.32 and 9.33 (Vernon 1974). No statutory or case authority was cited in the briefs which would justify the application of this criminal doctrine to a civil case nor after independent research have we found any such authority. In the disposition of the instant matter, the role of this court is limited to construction of a civil insurance contract. In fulfilling that role we are limited to determining whether the parties contracted for coverage involving fact situations such as that raised in the instant case.

Examination of the uncontroverted facts compels us to conclude Kirk's action in driving his pickup into the Hawkins' vehicle, however socially desirable and commendable, was voluntary and intentional. He knew or should have known the resulting

damage to his vehicle was a natural and probable consequence of his act. Therefore, the damages suffered were not "accidental" within the purview of the instant policy and thus not covered. See: *Argonaut Southwest Insurance Company v. Maupin,* 500 S.W.2d 633 (Tex.1973); *Freeman v. Crown Life Ins. Co.,* 580 S.W.2d 897 (Tex.Civ. App.—Texarkana 1979, writ ref'd n.r.e.); *Wright v. Western and Southern Life Insurance Co.,* 443 S.W.2d 790 (Tex.Civ.App.— Eastland 1969, no writ); *Perry v. Aetna Life Insurance Company of Conn.,* 380 S.W.2d 868 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.); *Travelers Ins. Co. v. Volentine,* 578 S.W.2d 501 (Tex.Civ.App.—Texarkana 1979, no writ).

Point of error six is sustained, the judgment of the trial court is reversed and a judgment here rendered that appellees take nothing.